**BLUMENTHAL & NORDREHAUG**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**UNITED EMPLOYEES LAW GROUP**
  Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

FILED

07 DEC 26 AM 11: 54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ POV _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BOVA, on behalf of himself, and on behalf of all persons similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK and Does 1 to 10,<br><br>                Defendants. | CASE No. '07 CV 2410 WQH JMA<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT FOR:<br><br>1. FAILURE TO PAY REGULAR AND OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*;<br><br>2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 515.5, 551, 552, 1194 AND 1198, *et seq.*<br><br>3. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203;<br><br>4. FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. LAB. CODE § 226.7 AND 512;<br><br>5. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and,<br><br>6. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*<br><br>DEMAND FOR A JURY TRIAL |

1
COMPLAINT

1    Plaintiff Vincent Bova alleges on information and belief, except for his own acts and

2    knowledge, the following:

3                                    **NATURE OF THE ACTION**

4    1.    Plaintiff Vincent Bova ("PLAINTIFF") brings this class action on behalf of

5    himself and a California class consisting of all individuals who are or previously were employed by

6    Defendant Washington Mutual Bank ("WAMU") as Underwriters, Senior Underwriters, and other

7    similarly situated positions during the Collective Class Period and California Class Period as

8    hereinafter defined (the "CLASS").

9    2.    Individuals in these positions are and were employees who are entitled to be

10    classified as non-exempt, paid for regular and overtime compensation, provided with meal breaks,

11    prompt payment of amounts that the employer owes an employee when the employee quits or is

12    terminated, and other compensation and working conditions that are prescribed by law.

13    3.    Although WAMU requires their employees employed as Underwriters,

14    Senior Underwriters, and other similarly situated positions, to work more than forty (40) hours a

15    week, as a matter of policy and practice, WAMU consistently and uniformly misclassifies these

16    employees as exempt and denies them the required overtime and other compensation that the law

17    requires.

18    4.    In this action, PLAINTIFF, on behalf of himself and the CLASS, seeks to be

19    reclassified as non-exempt and recover all the compensation that WAMU was required by law to

20    provide, but failed to provide, to PLAINTIFF and all other CLASS members.

21

22                                    **JURISDICTION AND VENUE**

23    5.    This Court has jurisdiction over PLAINTIFF'S federal claim pursuant to

24    28 U.S.C.§1331, federal question jurisdiction, 29 U.S.C. § 219, the Fair Labor Standards Act, and

25    28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

26    6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c),

27    because WAMU does business in this District and committed the wrongful conduct against certain

28

1    members of the CLASS in San Diego County, California.

2

3                              **PARTIES**

4        7.    Plaintiff Vincent Bova was employed by Defendant WAMU from on or about April

5    of 2005 to the present, in the state of California, city of San Diego.

6        8.    Defendant, WAMU conducts substantial and regular business in San Diego County,

7    California, and throughout California.  Defendant WAMU also conducts business throughout the

8    United States and is engaged in commerce within the meaning of the Fair Labor Standards Act by

9    regularly and recurrently receiving or transmitting interstate communications.

10       9.    The Defendants, WAMU, named in this Complaint, and Does 1 through 10,

11   inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of

12   each of the other Defendant and each Defendant was acting within the course of scope of his, her or

13   its authority as the agent, servant and/or employee of each of the other Defendant (the

14   "DEFENDANTS").  Consequently, all the DEFENDANTS are jointly and severally liable to the

15   PLAINTIFF and the other members of the CLASS, for the losses sustained as a proximate result of

16   DEFENDANTS' conduct.

17

18                    **COLLECTIVE ACTION UNDER THE FLSA**

19       10.   PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and

20   Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons who were, are, or will

21   be employed by Defendant WAMU in California as Underwriters, Senior Underwriters, and other

22   similarly situated positions, at any time within the applicable statute of limitations period (the

23   "COLLECTIVE CLASS PERIOD"), who have been misclassified as exempt from overtime (the

24   "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by the

25   COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD should be

26   adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not they

27   were paid by commission, by salary, or by part commission and part salary.

28

1    11.    Questions of law and fact common to the COLLECTIVE CLASS as a

2    whole, but not limited to the following, include:

3        a.    Whether DEFENDANTS misclassified PLAINTIFF and members of the

4            COLLECTIVE CLASS as exempt from the overtime requirements imposed by the

5            FLSA, 29 U.S.C. § 207;

6        b.    Whether DEFENDANTS failed to adequately compensate the members

7            of the COLLECTIVE CLASS for overtime hours worked as required by the FLSA,

8            29 U.S.C. § 207;

9        c.    Whether DEFENDANTS failed to adequately compensate the members of the

10            COLLECTIVE CLASS for all time worked for the benefit of DEFENDANTS as

11            required by the FLSA, including the time worked through their meal periods;

12        d.    Whether DEFENDANTS have systematically misclassified the members of the

13            COLLECTIVE CLASS as exempt from receiving overtime compensation under

14            section 13 of the FLSA and the applicable provisions of the Code of Federal

15            Regulations;

16        e.    Whether DEFENDANTS should be enjoined from continuing the unlawful practices;

17            and,

18        f.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

19    12.    The first cause of action for the violations of the FLSA may be brought

20    and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C.

21    216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS

22    because the claims of the PLAINTIFF are similar to the claims of the members of the prospective

23    COLLECTIVE CLASS.

24    13.    PLAINTIFF Vincent Bova and the COLLECTIVE CLASS are similarly situated,

25    have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS'

26    common and uniform policy and practice of misclassifying their employees, failing to pay for all

27    actual time worked and wages earned, and failing to fully pay for all overtime in violation of the

28

4

1  FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the

2  "REGULATIONS").

3

4                              **CLASS ACTION ALLEGATIONS**

5        14.    PLAINTIFF Vincent Bova brings this action on behalf of himself in his

6  individual capacity and also on behalf of a California Class of all employees of DEFENDANTS

7  who worked for WAMU in California who held the positions of Underwriter, Senior Underwriter,

8  and other similarly situated positions, who were misclassified as exempt from overtime during the

9  period commencing on the date four years prior to the filing of this complaint and ending on the

10  class period cutoff date (the "CALIFORNIA CLASS PERIOD").  This class is hereinafter referred

11  to as the "CALIFORNIA CLASS."  The CALIFORNIA CLASS includes all such persons, whether

12  or not they were paid by commission, by salary, or by part commission and part salary.

13        15.    DEFENDANTS, as a matter of corporate policy, practice and procedure,

14  and in violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare

15  Commission ("IWC") Wage Order Requirements intentionally and knowingly, on the basis of job

16  title alone and without regard to the actual overall requirements of the job, systematically

17  misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS as exempt from

18  overtime wages and other labor laws in order to avoid the payment of overtime wages by

19  misclassifying their positions as exempt from overtime wages and other labor laws.  To the extent

20  equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the

21  CALIFORNIA CLASS PERIOD should be adjusted accordingly.

22        16.    DEFENDANTS violated the rights of the CALIFORNIA CLASS under

23  California Law by:

24                (a)    Committing an act of unfair competition in violation of the California Labor

25                       Code, by failing to pay PLAINTIFF and the members of the CALIFORNIA

26                       CLASS overtime pay for a work day longer than eight (8) hours and/or a

27                       work week longer than forty (40) and/or for all hours worked on the seventh

28

1     (7th) consecutive day in a work week and by violating the California Labor

2     Code and regulations promulgated thereunder as hereinafter alleged.

3     (b)     Violating Cal. Lab. Code § 510 by failing to pay PLAINTIFF and the

4           members of the CALIFORNIA CLASS overtime pay for a work day longer

5           than eight (8) hours and/or a work week longer than forty (40) hours and/or

6           for all hours worked on the seventh (7th) consecutive day in a work week, for

7           which DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194.

8     (c)     Violating Cal. Lab. Code § 515.5 by misclassifying PLAINTIFF and the

9           members of the CALIFORNIA CLASS as exempt from receiving overtime

10          compensation.

11     (d)     Violating Cal. Lab. Code § 203, which provides that when an employee is

12          discharged or quits from employment, the employer must pay the employee

13          all wages due without abatement, by failing to tender full payment and/or

14          restitution of wages owed or in the manner required by California law to the

15          PLAINTIFF and the members of the CALIFORNIA CLASS who have

16          terminated their employment.  Thus, DEFENDANTS are liable for such

17          wages for a period of thirty (30) days following the termination of such

18          employment.

19     (e)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

20          members of the CALIFORNIA CLASS with an accurate itemized statement

21          in writing showing the  total hours worked by the employee.

22     (f)     Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders

23          implementing the Code, by failing to provide PLAINTIFF and the members

24          of the CALIFORNIA CLASS with meal periods and are thus liable for

25          premium pay of one hour for each workday such meal periods were denied.

26     17.     This Class Action meets the statutory prerequisites for the maintenance

27     of a Class Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in

28

that:

    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every member of the CALIFORNIA CLASS;

    (c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other members of the CALIFORNIA CLASS, was systematically misclassified as exempt and sustained economic injuries arising from DEFENDANTS' violations of the laws of California.  PLAINTIFF and the members of the CALIFORNIA CLASS are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANTS of systematically misclassifying as exempt all Underwriters, Senior Underwriters, and similarly situated employees solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and the actual, overall requirements of the job resulting in economic injury to employees so misclassified.

    (d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all Class Members.

18.    In addition to meeting the statutory prerequisites to a Class Action, this

1   action is properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

2       (a)    Without class certification and determination of declaratory, injunctive,

3   statutory and other legal questions within the class format, prosecution of

4   separate actions by individual members of the CALIFORNIA CLASS will

5   create the risk of:

6       1)    Inconsistent or varying adjudications with respect to individual

7   members of the CALIFORNIA CLASS which would establish

8   incompatible standards of conduct for the parties opposing the

9   CALIFORNIA CLASS; or,

10      2)    Adjudication with respect to individual members of the

11  CALIFORNIA CLASS which would as a practical matter be

12  dispositive of interests of the other members not party to the

13  adjudication or substantially impair or impede their ability to protect

14  their interests.

15      (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds

16  generally applicable to the CALIFORNIA CLASS, making appropriate class-

17  wide relief with respect to the CALIFORNIA CLASS as a whole in that the

18  DEFENDANTS systematically misclassified as exempt all Underwriters and

19  Senior Underwriters and similarly situated employees solely on the basis of

20  their job title and without regard to DEFENDANTS' realistic expectations

21  and actual overall requirements of the job;

22      (c)    Common questions of law and fact exist as to the members of the

23  CALIFORNIA CLASS and predominate over any question affecting only

24  individual members, and a Class Action is superior to other available

25  methods for the fair and efficient adjudication of the controversy, including

26  consideration of:

27      1)    The interests of the members of the CALIFORNIA CLASS in

28

individually controlling the prosecution or defense of separate actions;

2)      The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3)      The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)      The difficulties likely to be encountered in the management of a Class Action; and,

5)      The basis of DEFENDANTS misclassifying PLAINTIFF and the CALIFORNIA CLASS as exempt by job title.

19.    This Court should permit this action to be maintained as a Class Action pursuant to F.R.C.P. 23 because:

(a)      The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

(b)      A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

(c)      The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)      PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)      There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole; and

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of the DEFENDANTS. The CALIFORNIA CLASS consists of all of DEFENDANTS' employees employed as Underwriters, Senior Underwriters, and other similarly situated persons in California whose job classifications by DEFENDANTS as exempt were made solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job. DEFENDANTS, as a matter of law, has the burden of proving the basis for the exemption as to each and every Underwriter and Senior Underwriter. To the extent that DEFENDANTS have failed to maintain records sufficient to establish the basis for the exemption (including but not limited to, the employee's job duties, wages, and hours worked) for any Underwriter or Senior Underwriter, DEFENDANTS are estopped, as a matter of law, to assert the existence of the exemption.

## GENERAL ALLEGATIONS

20.    WAMU, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of

10
COMPLAINT

1    the job, systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA

2    CLASS and the COLLECTIVE CLASS (the "CLASS") as exempt from overtime wages and other

3    labor laws in order to avoid the payment of overtime wages by misclassifying their Underwriters,

4    Senior Underwriters, and other similarly situated employees as exempt from overtime wages and

5    other labor laws.  To the extent equitable tolling operates to toll claims by the CLASS against

6    WAMU, the CALIFORNIA CLASS PERIOD and the COLLECTIVE CLASS PERIOD (the

7    "CLASS PERIODS") should be adjusted accordingly.

8         21.    WAMU has intentionally and deliberately created numerous job levels and a

9    multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in fact,

10   these jobs are substantially similar and can be easily grouped together for the purpose of

11   determining whether they are exempt from overtime wages.  Indeed, one of WAMU'S purposes in

12   creating and maintaining this multi-level job classification scheme is to create a roadblock to

13   discovery and class certification for all employees similarly misclassified as exempt.  WAMU has

14   uniformly misclassified these CLASS members as exempt and denied them overtime wages and

15   other benefits to which non-exempt employees are entitled in order to unfairly cheat the competition

16   and unlawfully profit.

17        22.    WAMU maintains records from which the Court can ascertain and identify by job

18   title each of DEFENDANTS' employees who as CLASS members, have been systematically,

19   intentionally and uniformly misclassified as exempt as a matter of DEFENDANTS' corporate

20   policy, practices and procedures.  PLAINTIFF will seek leave to amend the complaint to include

21   these additional job titles when they have been identified.

22

23                              **THE CONDUCT**

24        23.    PLAINTIFF Vincent Bova was hired by Defendant WAMU and placed into the job

25   title of "Senior Underwriter" in one of DEFENDANTS' "Loan Fulfillment Centers" located in the

26   city of San Diego, in the state of California.  The job title was described to the PLAINTIFF as an

27   exempt and full time position.  The PLAINTIFF functions as a working member on the production

28

1  side of a loan underwriting team. The job duties of PLAINTIFF and the other Underwriters and

2  Senior Underwriters (the "UNDERWRITERS") are to deliver approvals or denials of loans that are

3  referred to the Loan Fulfillment Center. A loan is the product that WAMU delivers to the

4  customers. The PLAINTIFF and other UNDERWRITERS decide whether to approve or deny the

5  loan application based on rigidly defined parameters established by WAMU. Effectively, the

6  UNDERWRITERS act simply as quality control technicians, mechanically reviewing whether a

7  loan application fits within WAMU criteria so as to qualify as a WAMU loan. The Underwriter

8  mechanically determines whether the income ratio, credit, collateral and other financial statement

9  information provided by the applicant fits within WAMU's loan criteria, which is developed by

10  persons at WAMU other than UNDERWRITERS. In delivering approvals or denials, the

11  UNDERWRITERS are endowed with no authority to change any of WAMU's product criteria that

12  determine whether a loan application is to be approved. Like any product quality control technician,

13  the UNDERWRITERS can only enforce the criteria established by the DEFENDANT in a routine,

14  automatic manner that is devoid of any independent judgment or discretion.

15      24.      In performing these routine tasks, the UNDERWRITERS have worked and continue

16  to work worked more than eight (8) hours a day and more than forty (40) hours a week. Workweeks

17  have often consisted of seven (7) straight working days. Within this schedule, the

18  UNDERWRITERS were subjected to intense scrutiny by their managers and supervisors, under

19  which they were expected to deliver approvals or denials of each loan within strictly enforced

20  "production goals." WAMU determines whether an UNDERWRITER is meeting the "production

21  goals" by routinely supervising the production rate of each UNDERWRITER pursuant to a

22  structured point system. According to this system, each loan approval earns the UNDERWRITER

23  one (1) point. "Production goals" that range from six (6) to eight (8) point per day often cause the

24  UNDERWRITERS to work between ten and a half (10 ½ ) and fourteen (14) hours per day. As a

25  result of these rigorous demands, PLAINTIFF and other similarly situated employees were also

26  often unable to take meal breaks. During the Class Period, PLAINTIFF, and the UNDERWRITERS

27  worked and still work on the production side of the DEFENDANTS' business, but are nevertheless

28

1     classified as exempt from overtime pay and worked and still work more than eight (8) hours a day,

2     more than forty (40) hours a week, and on the seventh (7th) consecutive day of a week.

3           25.     Neither the PLAINTIFF, nor any member of the CLASS, was primarily engaged in

4     work of a type that was or now is directly related to the DEFENDANTS' management policies or

5     general business operations, when giving these words a fair but narrow construction. Neither the

6     PLAINTIFF, nor any member of the CLASS was primarily engaged in work of a type that was or

7     now is performed at the level of the policy or management of the DEFENDANTS. To the contrary,

8     the work of an Underwriter or Senior Underwriter of the DEFENDANTS is work wherein

9     PLAINTIFF and members of the CLASS are primarily engaged in the day to day business

10     operations of the DEFENDANTS, to mechanically deliver routine product approvals or denials of

11     loans in accordance with the established criteria of the management policies and general business

12     operations established by DEFENDANTS' management. In this way, the work of PLAINTIFF and

13     the members of the CLASS is focused solely on mechanically approving or denying the product

14     produced by the DEFENDANTS, pursuant to WAMU's established criteria. An

15     UNDERWRITER'S determination that a loan falls outside of WAMU's established criteria is not

16     made with judgment or discretion that is independent, as these determinations must be approved by

17     an underwriting supervisor, manager or other individual with appropriate authority.

18           26.     Considerations such as (a) DEFENDANTS' realistic expectations for the job titled

19     Underwriter, Senior Underwriter, and other similarly situated jobs, on the production side of the

20     DEFENDANTS' business enterprise working in teams in Loan Fulfillment Centers, of which

21     PLAINTIFF was a member, and (b) the actual overall requirements of the jobs titled Underwriter

22     and Senior Underwriter, are susceptible to common proof. The fact that their work and those of

23     other similarly situated employees involved a specialized skill set in a defined area does not mean

24     that the PLAINTIFF and other members of the CLASS are exempt from overtime wages. Indeed,

25     the exercise of discretion and independent judgment must be more than the use of a skill set

26     described in a manual or other sources. The work that PLAINTIFF and other members of the

27     CLASS were and are primarily engaged in performing day to day activities is the work that is

28

1    required to be performed as part of the day to day business of DEFENDANTS of processing loan

2    applications. As a result, PLAINTIFF and the other members of the CLASS were and still are

3    primarily engaged in work that falls squarely on the production side of the administrative/production

4    worker dichotomy.

5        27.    DEFENDANTS systematically misclassified as exempt PLAINTIFF and

6    all other members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of

7    their job title and without regard to DEFENDANTS' realistic expectations and actual overall

8    requirements of the job. Consequently, PLAINTIFF and the other members of the CALIFORNIA

9    CLASS and COLLECTIVE CLASS uniformly and systematically exempted from payment for

10   overtime wages for hours worked in excess of eight (8) hours per day and/or (40) forty hours per

11   week and/or for all hours worked on the seventh (7th) consecutive day of any work week during the

12   CLASS PERIOD.

13       28.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to

14   establish exemptions from the requirement that an overtime rate of compensation be paid pursuant

15   to Sections 510 and 511 for executive, administrative, and professional employees, provided that the

16   employee is primarily engaged in the duties that meet the test of the exemption, customarily and

17   regularly exercises discretion and independent judgment in performing those duties, and earns a

18   monthly salary equivalent to no less than two times the state minimum wage for full-time

19   employment. California Labor Code Section 515.5 and Industrial Welfare Commission Wage Order

20   4-2001, set forth the requirements which must be satisfied in order for an employee to be lawfully

21   classified as exempt. Although wrongfully classified by DEFENDANTS as exempt at the time of

22   hire and thereafter, PLAINTIFF, and all other members of the similarly-situated CALIFORNIA

23   CLASS, are not exempt under Industrial Welfare Commission Wage Order 4-2001, and Cal. Lab.

24   Code § 515.5.

25       29.    Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, et

26   seq., set forth the requirements which must be satisfied in order for an employee to be lawfully

27   classified as exempt from receiving overtime compensation. Although wrongfully classified by

28

14

COMPLAINT

1  DEFENDANTS as exempt at the time of hire and thereafter, PLAINTIFF, and all other members of

2  the similarly-situated COLLECTIVE CLASS, are not exempt under section 13 of the FLSA or the

3  provisions of 29 C.F.R. 541, et seq.

4          30.    Despite the fact that PLAINTIFF, and the other members of the

5  CLASS, regularly worked in excess of 8 hours a day and/or 40 hours per week and/or on the seventh

6  (7th) consecutive day of a work week, they did not receive overtime compensation and as a result

7  suffered an economic injury.

8          31.    Further, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFF and other

9  members of the CALIFORNIA CLASS, were required to be provided with meal breaks each

10  workday.  DEFENDANTS failed to provide PLAINTIFF and all other members of the

11  CALIFORNIA CLASS with the statutorily required uninterrupted meal breaks during the

12  CALIFORNIA CLASS PERIOD, thereby causing additional economic injuries to PLAINTIFF and

13  other members of the CALIFORNIA CLASS.

14          32.    Under  29 U.S.C. § 207, PLAINTIFF and other members of the COLLECTIVE

15  CLASS, were required to be compensated for all meal breaks taken by PLAINTIFF and the other

16  members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit

17  of the DEFENDANTS during the meal breaks.   Under 29 CFR 785.19, this time spent during the

18  lunch break is compensable because PLAINTIFF and the other members of the COLLECTIVE

19  CLASS were required to perform duties while eating.

20

21                          **FIRST CAUSE OF ACTION**

22              **Fair Labor Standards Act, *29 U.S.C. §§ 201, et seq.* ("FLSA")**

23          **(By PLAINTIFF and the COLLECTIVE CLASS and Against all DEFENDANTS)**

24          33.    PLAINTIFF, and the other members of the COLLECTIVE CLASS,

25  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 32

26  of this Complaint.

27          34.    DEFENDANTS are engaged in communication, business, and transmission

28  throughout the United States and is, therefore, engaged in commerce within the meaning of 29

1 | U.S.C. § 203(b).

2 | 35.    29 U.S.C. § 255 provides that a three-year statute of limitations applies

3 | to willful violations of the FLSA.

4 | 36.    29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

37.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

38.    DEFENDANTS have willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

1  expectations and actual overall requirements of the job, including PLAINTIFF and the other

2  members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS'

3  business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and

4  other benefits in violation of the FLSA and Code of Federal Regulations requirements.

5       39.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* PLAINTIFF and

6  the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually

7  worked, including time spent training DEFENDANTS' employees during meal periods, and are also

8  entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours

9  worked in excess of forty (40) hours in any workweek.

10       40.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

11  exempt status of an employee. The exempt or nonexempt status of any particular employee must be

12  determined on the basis of whether the employee's salary and duties meet the requirements of the

13  regulations in this part.

14       41.    The exemptions of the FLSA as listed in section 13(a), and as explained

15  by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE

16  CLASS, because their work consists of non-management, production line labor performed with

17  skills and knowledge acquired from on-the-job training, rather than from the prolonged course of

18  specialized intellectual instruction required for exempt learned professional employees such as

19  medical doctors, architects and archeologists.  PLAINTIFF does not hold a bachelor's degree related

20  to finance, has not taken any prolonged course of specialization relating to finance, and has attained

21  the vast majority of the skills used as an employee of DEFENDANTS from on the job training.

22       42.    For an employee to be exempt as a bona fide "executive," all the

23  following criteria must be met and DEFENDANTS have the burden of proving that:

24       (a)    The employee's primary duty must be management of the enterprise, or of a

25            customarily recognized department or subdivision;

26       (b)    The employee must customarily and regularly direct the work of at least two (2) or

27            more other employees;

28       (c)    The employee must have the authority to hire and fire, or to command particularly

1       serious attention to his or his recommendations on such actions affecting other

2       employees; and,

3       (d)    The employee must be primarily engaged in duties which meet the test of exemption.

4    No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

5    requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

6       43.    For an employee to be exempt as a bona fide "administrator," all of the

7    following criteria must be met and DEFENDANTS have the burden of proving that:

8       (a)    The employee must perform office or non-manual work directly related to

9              management or general business operation of the employer or the employer's

10             customers;

11      (b)    The employee must customarily and regularly exercise discretion and independent

12             judgment with respect to matters of significance; and,

13      (c)    The employee must regularly and directly assist a proprietor or an exempt

14             administrator; or,

15      (d)    The employee must perform under only general supervision, work requiring special

16             training, experience, or knowledge; and,

17      (e)    The employee must be primarily engaged in duties which meet the test of exemption.

18    No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet

19    the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R.

20    541.300.

21      44.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

22    members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and

23    were also required to perform duties that were primarily for the benefit of the employer during meal

24    periods.

25      45.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and

26    other members of the COLLECTIVE CLASS, overtime compensation for the hours they have

27    worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA,

28    even though PLAINTIFF and the other members of the COLLECTIVE CLASS, were regularly

18

COMPLAINT

1    required to work, and did in fact work, overtime hours.

2      46.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and

3    other members of the COLLECTIVE CLASS, regular compensation for the hours they have

4    worked, performing duties primarily for the benefit of the employer during meal periods.

5      47.    For purposes of the Fair Labor Standards Act, the employment practices

6    of DEFENDANTS were and are uniform throughout California in all respects material to the claims

7    asserted in this Complaint.

8      48.    There are no other exemptions applicable to PLAINTIFF and/or to

9    members of the COLLECTIVE CLASS.

10     49.    As a result of DEFENDANTS' failure to pay overtime and failure to pay

11   regular compensation for hours worked during meal periods, as required by the FLSA, PLAINTIFF

12   and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

13     50.    Therefore, PLAINTIFF demands that he and the members of the

14   COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of

15   overtime worked in any work week for which they were not compensated, regular compensation for

16   every hour worked primarily for the benefit of DEFENDANTS for which they were not

17   compensated, plus interest and attorneys' fees as provided by law.

18

19                    **SECOND CAUSE OF ACTION**

20               **For Failure To Pay Overtime Compensation**

21            **[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

22        **(By PLAINTIFF and the CALIFORNIA CLASS and Against all DEFENDANTS)**

23
      51.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,
24
     reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50
25
     of this Complaint.
26
      52.    Cal. Lab. Code § 510 states in relevant part:
27
        Eight hours of labor constitutes a day's work. Any work in excess of eight hours in
28

                                    19

one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

53. Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

54. Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

55. Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

56. Cal. Lab. Code § 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

57. Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

58. DEFENDANTS have intentionally and uniformly designated certain employees as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job, including PLAINTIFF and the other

20

COMPLAINT

1   members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS'

2   business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and

3   other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

4        59.    For an employee to be exempt as a bona fide "executive," all the

5   following criteria must be met and DEFENDANTS have the burden of proving that:

6        (a)    The employee's primary duty must be management of the enterprise, or of a

7               customarily recognized department or subdivision; and,

8        (b)    The employee must customarily and regularly direct the work of at least two (2) or

9               more other employees; and,

10       (c)    The employee must have the authority to hire and fire, or to command particularly

11              serious attention to his or his recommendations on such actions affecting other

12              employees; and,

13       (d)    The employee must customarily and regularly exercise discretion and independent

14              judgment; and,

15       (e)    The employee must be primarily engaged in duties which meet the test of exemption.

16   No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the

17   requirements of being an "executive" within the meaning of Order No. 4-2001.

18       60.    For an employee to be exempt as a bona fide "administrator," all of the

19   following criteria must be met and DEFENDANTS have the burden of proving that:

20       (a)    The employee must perform office or non-manual work directly related to

21              management policies or general business operation of the employer; and,

22       (b)    The employee must customarily and regularly exercise discretion and independent

23              judgment; and,

24       (c)    The employee must regularly and directly assist a proprietor or an exempt

25              administrator; or,

26       (d)    The employee must perform, under only general supervision, work requiring special

27              training, experience, or knowledge, or,

28       (e)    The employee must execute special assignments and tasks under only general

1    supervision; and,

2    (f)    The employee must be primarily engaged in duties which meet the test of exemption.

3    No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

4    the requirements for being an "administrator" under Order No. 4-2001.

5    61.    The Industrial Welfare Commission, ICW Wage Order 4-2001 also sets forth the

6    requirements which must be complied with to place an employee in the "professional" exempt

7    category. For an employee to be exempt as a bona fide professional, all the following criteria must

8    be met:

9    (a)    The employee must primarily perform work that is intellectual or creative and

10    that requires the exercise of discretion and independent judgment.

11    (b)    The employee must be licensed of certified by the state of California and is

12    primarily engaged in the practice of one of the following recognized

13    professions: law, medicine, dentistry, optometry, architecture, engineering,

14    teaching or accounting.

15    No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

16    the requirements for being an "professional" under Order No. 4-2001.

17    62.    PLAINTIFF, and other members of the CALIFORNIA CLASS, do not

18    fit the definition of an exempt executive, administrative, or professional employee because:

19    (a) Less than fifty percent (50%) of their work hours are spent on managerial or

20    administrative (exempt) duties;

21    (b) More than fifty percent (50%) of their work hours are spent performing non

22    exempt duties, including but not limited to answering telephones, filling out pre-

23    printed forms and following strict and exacting procedures;

24    (c) They do not have the discretion or independent judgment, in that they must follow

25    exacting and comprehensive company-wide policies and procedures which dictate

26    every aspect of their work day;

27    (d) They do not have the authority to hire/or and fire other personnel; and,

28    (e) None of the exemptions articulated in Wage Order No. 4, subparagraph (h), apply

22

COMPLAINT

1        to the PLAINTIFF, or to the other members of the CLASS.

2        63.    During the class period, the PLAINTIFF, and other members of the

3    CALIFORNIA CLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a

4    work week and/or on the seventh (7th) consecutive day of a workweek.

5        64.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and

6    other members of the CALIFORNIA CLASS, overtime compensation for the hours they have

7    worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510

8    and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA CLASS, were

9    regularly required to work, and did in fact work, overtime hours.

10       65.    By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the

11    PLAINTIFF, and the other members of the CALIFORNIA CLASS, for their regular and overtime

12    hours, the PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered, and

13    will continue to suffer, an economic injury in amounts which are presently unknown to them and

14    which will be ascertained according to proof at trial.

15       66.    DEFENDANTS knew or should have known that PLAINTIFF, and the

16    other members of the CALIFORNIA CLASS, were misclassified  as exempt and DEFENDANTS

17    systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them

18    for their overtime labor as a matter of uniform corporate policy, practice and procedure.

19       67.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA

20    CLASS, request recovery of regular and overtime compensation according to proof, interest,

21    attorney's fees and cost pursuant to Cal. Lab. Code § 218.5 and § 1194(a), as well as the assessment

22    of any statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code

23    and/or other statutes.  Further, PLAINTIFF, and the other members of the CALIFORNIA  CLASS,

24    are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§

25    218.5 and 1194.

26       68.    In performing the acts and practices herein alleged in violation of labor

27    laws and refusing to provide the requisite regular and overtime compensation, the DEFENDANTS

28    acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

1  toward the other members of the CALIFORNIA CLASS, with a conscious and utter disregard of

2  their legal rights, or the consequences to them, and with the despicable intent of depriving them of

3  their property and legal rights and otherwise causing them injury in order to increase corporate

4  profits at the expense of PLAINTIFF and the members of the Class.

5

6                              **THIRD CAUSE OF ACTION**

7                            **For Failure to Pay Wages When Due**

8                                 **[ Cal. Lab. Code § 203]**

9          **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

10         69.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

11  reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of

12  this Complaint.

13         70.    Cal. Lab. Code § 200 provides that:

14                As used in this article:

15                (a) "Wages" includes all amounts for labor performed by employees of every

16                description, whether the amount is fixed or ascertained by the standard of time, task,

17                piece, commission basis, or other method of calculation.

18                (b) "Labor" includes labor, work, or service whether rendered or performed under

19                contract, subcontract, partnership, station plan, or other agreement if the labor to be

20                paid for is performed personally by the person demanding payment.

21         71.    Cal. Lab. Code § 202 provides, in relevant part, that:

22                If an employee not having a written contract for a definite period quits his or her

23                employment, his or her wages shall become due and payable not later than 72 hours

24                thereafter, unless the employee has given 72 hours previous notice of his or her

25                intention to quit, in which case the employee is entitled to his or her wages at the

26                time of quitting. Notwithstanding any other provision of law, an employee who quits

27                without providing a 72-hour notice shall be entitled to receive payment by mail if he

28                or she so requests and designates a mailing address. The date of the mailing shall

1      constitute the date of payment for purposes of the requirement to provide payment

2      within 72 hours of the notice of quitting.

3      72.     Cal. Lab. Code § 203 provides:

4      If an employer willfully fails to pay, without abatement or reduction, in accordance

5      with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

6      discharged or who quits, the wages of the employee shall continue as a penalty from

7      the due date thereof at the same rate until paid or until an action therefor is

8      commenced; but the wages shall not continue for more than 30 days.

9      73.     Many of the California Class members have terminated their employment and

10     DEFENDANTS have not tendered restitution of wages owed.

11     74.     Therefore, as provided by Cal lab. Code § 203, on behalf of himself and

12     the members of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as penalty for

13     not paying all wages due at time of termination for all employees who terminated employment

14     during the CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages

15     due, plus interest, as provided by Cal lab. Code § 218.6 plus attorneys fees and interest as allowed

16     by law.

17

18                          **FOURTH CAUSE OF ACTION**

19                          **For Failure to Provide Meal Periods**

20                          **[Cal. Lab. Code §§ 226.7 and 512]**

21          **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

22     75.     PLAINTIFF, and the other members of the CALIFORNIA CLASS,

23     reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 74 of

24     this Complaint.

25     76.     Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an

26     employee for a work period of more than five hours per day without providing the

27     employee with a meal period of not less than 30 minutes, except that if the total work

28     period per day of the employee is no more than six hours, the meal period may be

1    waived by mutual consent of both the employer and employee. An employer may not

2    employ an employee for a work period of more than 10 hours per day without

3    providing the employee with a second meal period of not less than 30 minutes,

4    except that if the total hours worked is no more than 12 hours, the second meal

5    period may be waived by mutual consent of the employer and the employee only if

6    the first meal period was not waived.

7    77.    Section 11 of the Order 4-2001 of the Industrial Wage Commission

8    provides, in relevant part:

9    Meal Periods:

10    (A)    No employer shall employ any person for a work period of more than five (5)

11    hours without a meal period of not less than 30 minutes, except that when a

12    work period of not more than six (6) hours will complete the day's work the

13    meal period may be waived by mutual consent of the employer and the

14    employee. Unless the employee is relieved of all duty during a 30 minute

15    meal period, the meal period shall be considered an "on duty" meal period

16    and counted as time worked. An "on duty" meal period shall be permitted

17    only when the nature of the work prevents an employee from being relieved

18    of all duty and when by written agreement between the parties an on-the-job

19    paid meal period is agreed to. The written agreement shall state that the

20    employee may, in writing, revoke the agreement at any time.

21    (B)    If an employer fails to provide an employee a meal period in accordance with

22    the applicable provisions of this order, the employer shall pay the employee

23    one (1) hour of pay at the employee's regular rate of compensation for each

24    workday that the meal period is not provided.

25    78.    Cal. Lab. Code § 226.7 provides:

26    (a) No employer shall require any employee to work during any meal or rest period

27    mandated by an applicable order of the Industrial Welfare Commission.

28    (b) If an employer fails to provide an employee a meal period or rest period in

26

COMPLAINT

1    accordance with an applicable order of the Industrial Welfare Commission, the

2    employer shall pay the employee one additional hour of pay at the employee's regular

3    rate of compensation for each work day that the meal or rest period is not provided.

4    79.    DEFENDANTS have intentionally and improperly failed to provide all

5    rest and/or meal periods without any work or duties to PLAINTIFF and the other members of the

6    CALIFORNIA CLASS who worked more than three and one half hours (3 ½) per day, and by

7    failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

8    80.    Therefore, PLAINTIFF demands on behalf of himself and the members

9    of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not

10    provided for each four (4) hours of work during the period commencing on the date that is within

11    four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours of

12    work in which a meal period was not provided.

13

14    **FIFTH CAUSE OF ACTION**

15    **For Failure to Provide Accurate Itemized Statements**

16    **[Cal. Lab. Code § 226]**

17    **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

18    81.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

19    reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 80

20    of this Complaint.

21    82.    Cal. Labor Code § 226 provides that an employer must furnish

22    employees with an "accurate itemized statement in writing showing:

23    (1) gross wages earned,

24    (2) total hours worked by the employee, except for any employee whose compensation is

25    solely based on a salary and who is exempt from payment of overtime under subdivision (a)

26    of Section 515 or any applicable order of the Industrial Welfare Commission,

27    (3) the number of piecerate units earned and any applicable piece rate if the employee is paid

28    on a piece-rate basis,

27

COMPLAINT

1    (4) all deductions, provided that all deductions made on written orders of the employee may

2    be aggregated and shown as one item,

3    (5) net wages earned,

4    (6) the inclusive dates of the period for which the employee is paid,

5    (7) the name of the employee and his or her social security number, except that by January 1,

6    2008, only the last four digits of his or her social security number or an employee

7    identification number other than a social security number may be shown on the itemized

8    statement,

9    (8) the name and address of the legal entity that is the employer, and

10    (9) all applicable hourly rates in effect during the pay period and the corresponding number

11    of hours worked at each hourly rate by the employee."

12        83.    At all times relevant herein, DEFENDANTS violated Labor Code § 226,

13    in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by

14    PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective regular rates of

15    pay and the effective overtime rates of pay.

16        84.    DEFENDANTS knowingly and intentionally failed to comply with

17    Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA

18    CLASS.  These damages include, but are not limited to, costs expended calculating the true hours

19    worked and the amount of employment taxes which were not properly paid to state and federal tax

20    authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF, and the other

21    members of the CLASS elect to recover liquidated damages of $50.00 for the initial pay period in

22    which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to

23    Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than

24    $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA CLASS herein) plus

25    reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

26    ///

27    ///

28    ///

28

COMPLAINT

## SIXTH CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code § 17200 et seq.]

### (By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)

85.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 84 of this Complaint.

86.    DEFENDANTS are "persons" as that term is defined under Cal. Bus. and Prof. Code § 17021.

87.    Cal. Bus. And Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

88.    By the conduct alleged hereinabove in the Second through Fifth Claims for Relief, DEFENDANTS have violated the provisions of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or labor taken without proper compensation.

89.    By and through the unfair and unlawful business practices described hereinabove, DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete.

90.    All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 et seq.

91.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that an injunctive relief should be issued restraining DEFENDANTS from

29

COMPLAINT

1   engaging in any of these unfair and unlawful business practices in the future.

2       92.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, have

3   no plan, speedy, and/or adequate remedy at law that will end the unfair and unlawful business

4   practices of DEFENDANTS.  As a result of the unfair and unlawful business practices described

5   above, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered and will

6   continue to suffer irreparable harm unless DEFENDANTS are restrained from continuing to engage

7   in these unfair and unlawful business practices.  In addition, DEFENDANTS should be required to

8   disgorge the unpaid moneys to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

9

10                                  **PRAYER**

11      WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

12  as follows:

13      A)    Compensatory damages, according to proof at trial due PLAINTIFF and the other

14            members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

15            applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD

16            plus interest thereon at the statutory rate;

17      B)    Restitution, according to proof at trial, due PLAINTIFF and the other members of the

18            CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus

19            interest thereon at the statutory rate;

20      C)    One (1) hour of pay for each workday in which a meal period was not provided to

21            PLAINTIFF and each member of the CALIFORNIA CLASS for each four (4) hours

22            of work during the period commencing on the date that is within four years prior to

23            the filing of this Complaint;

24      D)    An order temporarily, preliminarily and permanently enjoining and restraining

25            DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

26      E)    An order requiring DEFENDANTS to provide an accounting of all wages and all

27            sums unlawfuly withheld from compensation due to PLAINTIFF and the other

28            members of the COLLECTIVE and CALIFORNIA CLASSES;

                                        30

1      F)      Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent

2              of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and

3              CALIFORNIA CLASSES;

4      G)     An award of interest, including prejudgment interest at the legal rate;

5      H)     An award of statutory damages, including reasonable attorneys' fees and cost of suit;

6      I)      An award of penalties as available under the law; and,

7      J)      Such other and further relief as the Court deems just and proper.

Dated:   December 21, 2007          BLUMENTHAL & NORDREHAUG

By:_____
       Norman B. Blumenthal
       Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.

Dated: December 21, 2007

BLUMENTHAL & NORDREHAUG

By: _____
Norman B. Blumenthal
Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

G:\D\NBB\Bova v. Wamu\p-federal-complaint.wpd

COMPLAINT

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VINCE BOVA, on behalf of himself, and on behalf of all others similarly situated,

**DEFENDANTS** WASHINGTON MUTUAL BANK and Does 1 to 10,

07 DEC 26 AM 11: 55

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY: _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BLUMENTHAL & NORDREHAUG, 2255 Calle Clara, La Jolla, California 92037 (858) 551-1223

Attorneys (If Known)

'07 CV 2410 WQH JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐X 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐X 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 865 RSI (405(g)) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

☐X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FLSA, 29 U.S.C. Section 201, et seq.
Brief description of cause: Misclassification of employees as exempt from overtime

## VII. REQUESTED IN COMPLAINT:
☐X CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE Dec 21, 2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 145863    AMOUNT $350    12/26/07 KH    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____



# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145863     — BH**
**\* \* C O P Y \* \***
**December 26, 2007**
**11:55:25**

### Civ Fil Non-Pris
USAO #.: 07CV2410 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC# 11368

**Total—>  $350.00**

FROM: CIVIL FILING
        BOVA C. WASHINGTON MUTUAL