1  **BLUMENTHAL & NORDREHAUG**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858) 551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6    Walter Haines, Esq.
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

9                **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  VINCENT BOVA, on behalf of himself,        CASE No.  **07 cv 2410** WQH (JMA)
    and on behalf of all persons similarly
13  situated,                                   FIRST AMENDED COMPLAINT FOR:

14                                              (1) FAILURE TO PAY REGULAR AND
                  Plaintiffs,                   OVERTIME COMPENSATION IN
15                                              VIOLATION OF 29 U.S.C. § 201, *et seq.*;
    vs.                                         (2) FAILURE TO PAY OVERTIME
16                                              COMPENSATION IN VIOLATION OF
    WASHINGTON MUTUAL BANK and                  CAL. LAB. CODE §§ 510, 515.5, 551,
17  Does 1 to 10,                               552, 1194 AND 1198, *et seq.*
                                                (3) FAILURE TO PROVIDE WAGES
18                                              WHEN DUE IN VIOLATION OF CAL.
                                                LAB. CODE § 203;
19                Defendants.                   (4) FAILURE TO PROVIDE MEAL
                                                AND REST PERIODS IN VIOLATION
20                                              OF CAL. LAB. CODE § 226.7 AND 512;
                                                (5) FAILURE TO PROVIDE
21                                              ACCURATE ITEMIZED STATEMENTS
                                                IN VIOLATION OF CAL. LAB. CODE §
22                                              226
                                                (6) UNFAIR COMPETITION IN
23                                              VIOLATION OF CAL. BUS. & PROF.
                                                CODE § 17200, *et seq.*; and,
24                                              (7) LABOR CODE PRIVATE
                                                ATTORNEY GENERAL ACT [Labor
25                                              Code § 2698]

26                                              DEMAND FOR A JURY TRIAL

27

28

                                    1

1    Plaintiff Vincent Bova alleges on information and belief, except for his own acts and

2    knowledge, the following:

3                                    **NATURE OF THE ACTION**

4    1.    Plaintiff Vincent Bova ("PLAINTIFF") brings this class action on behalf of

5    himself and a California class consisting of all individuals employed by WAMU as non-

6    supervisory underwriters and non-supervisory senior underwriters who by reason of their

7    position and in accordance with the Defendant's job duties for these two positions were

8    required to follow strict uniform written criteria with limited and expressed exception

9    authority in determining whether each proposed loan met the approval criteria established by

10    the Defendant for loan approval of a residential loan, during the Collective Class Period and

11    California Class Period as hereinafter defined (the "CLASS").  By reason of this strict

12    written approval criter4ia with limited exception authority, the members of the class lacked

13    the required level of independent judgment and discretion for the administrative exemption

14    to apply to them as they had no say in the criteria or the limited exception authority they

15    were granted but instead were required to perform within this expressed written criteria

16    established by the management of the company.  The members of the CLASS were all

17    required by WAMU to follow the written underwriting criteria established by WAMU and

18    lacked the authority to deviate from the established written criteria in performing their

19    underwriting duties. As a result there was no variance between what the members of the

20    class were required to do on a daily basis.

21    2.    Individuals in these positions are and were employees who are and were

22    entitled to be (i) classified as non-exempt, (ii) paid for regular and overtime compensation,

23    (iii) provided with meal breaks, (iv) promptly paid the amounts that the employer owes an

24    employee as and when due, and (v) paid other compensation that is prescribed by law.

25    Given the common job titles and duties of these CLASS members as defined herein, their

26    classification can be addressed with common proof as to the policies and criteria of the

27    Defendant that was developed by management personnel other than the members of the

28

FIRST AMENDED COMPLAINT

1  CLASS.

2      3.      Although WAMU requires members of the CLASS to work more than forty

3  (40) hours a week, as a matter of policy and practice, WAMU consistently and uniformly

4  denies them the required overtime and other compensation that the law requires as a result of

5  being erroneously classified as exempt employees.

6      4.      In this action, PLAINTIFF, on behalf of himself and the CLASS, seeks to be

7  properly classified as non-exempt and recover all the compensation that WAMU was

8  required by law to provide, but failed to provide, to PLAINTIFF and all other CLASS

9  members.

10

11                              **JURISDICTION AND VENUE**

12      5.      This Court has jurisdiction over PLAINTIFF'S federal claim pursuant to

13  28 U.S.C.§1331, federal question jurisdiction, 29 U.S.C. § 219, the Fair Labor Standards

14  Act, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.  This Court also

15  has jurisdiction over the action pursuant to 28 USC §1332(d)(1), as amended by the Class

16  Action Fairness Act of 2005 because (i) this case is a class action, (ii) at least one class

17  member is a citizen of a state different from WAMU, and (iii) the amount in controversy

18  with respect to the claims for the entire class as alleged herein exceeds $5,000,000.

19      6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c),

20  because WAMU does business in this District and committed the wrongful conduct against

21  certain members of the CLASS in San Diego County, California.  Venue is also proper in

22  this district because Plaintiff Bova resides and was and is employed by WAMU in San

23  Diego County, California.

24

25                                    **PARTIES**

26      7.      Plaintiff Vincent Bova was and is employed by Defendant WAMU from on or

27  about April of 2005 to the present, in the state of California, city of San Diego in the

28

                                        3

1  capacity of a non-supervising underwriter who by reason of his position and job duties,

2  lacked the authority to exercise independent judgment or discretion while making credit

3  decisions for the residential loans of borrowers using their home as collateral for their loan.

4  Plaintiff Bova had no authority to alter the written criteria for loan approval but instead was

5  given the non-discretionary task of verifying whether or not the loan came within the criteria

6  established by WAMU.

7      8.    Defendant, WAMU is a corporation with a principal place of business in

8  Seattle, Washington and is organized under the laws of the state of Washington.  WAMU

9  conducts substantial and regular business in San Diego County, California, and throughout

10  California.  WAMU is in the business of producing loans as one of WAMU's principal

11  source of revenues  Defendant WAMU also conducts business throughout the United States

12  and is engaged in commerce within the meaning of the Fair Labor Standards Act by

13  regularly and recurrently receiving or transmitting interstate communications.

14     9.    The Defendants, WAMU, named in this Complaint, and Does 1 through 10,

15  inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees

16  of each of the other Defendant and each Defendant was acting within the course of scope of

17  his, her or its authority as the agent, servant and/or employee of each of the other Defendant

18  (the "DEFENDANTS").  Consequently, all the DEFENDANTS are jointly and severally

19  liable to the PLAINTIFF and the other members of the CLASS, for the losses sustained as a

20  proximate result of DEFENDANTS' conduct.

21

22              **COLLECTIVE ACTION UNDER THE FLSA**

23     10.    PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and

24  Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons who were,

25  are, or will be employed by Defendant WAMU in California as non-supervisory

26  underwriters and non-supervisory senior underwriters who by reason of their position and in

27  accordance with the Defendant's job duties for these two positions were required to follow

28

FIRST AMENDED COMPLAINT

strict, uniform, written criteria with limited and expressed exception authority in determining whether each proposed loan met the written criteria established by the Defendant for loan approval of a residential loan, at any time within the applicable statute of limitations period (the "COLLECTIVE CLASS PERIOD"), and who have been misclassified as exempt from overtime (the "COLLECTIVE CLASS"). By reason of this strict criteria with limited exception authority, the members of the CLASS lacked the required level of independent judgment and discretion for the administrative exemption to apply to them as they had no say in writing the criteria or the limited exception authority they were granted but instead were required to perform within this expressed written criteria established by the management of the company. The members of the CLASS were all required by WAMU to follow the written underwriting criterial established by WAMU and lacked the authority to deviate from the established criteria in performing their underwriting duties. As a result there was no variance between what the members of the class were required to do on a daily basis. To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD should be adjusted accordingly. The COLLECTIVE CLASS includes all such persons, whether or not they were paid by commission, by salary, or by part commission and part salary.

   11. Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

   a. Whether DEFENDANTS misclassified PLAINTIFF and members of the COLLECTIVE CLASS as exempt from the overtime requirements imposed by the FLSA, 29 U.S.C. § 207;

   b. Whether DEFENDANTS failed to adequately compensate the members of the COLLECTIVE CLASS for overtime hours worked as required by the FLSA, 29 U.S.C. § 207;

   c. Whether DEFENDANTS failed to adequately compensate the members of the COLLECTIVE CLASS for all time worked for the benefit of DEFENDANTS

as required by the FLSA, including the time worked through their meal periods;

d.     Whether DEFENDANTS have systematically misclassified the members of the COLLECTIVE CLASS as exempt from receiving overtime compensation under section 13 of the FLSA and the applicable provisions of the Code of Federal Regulations;

e.     Whether DEFENDANTS should be enjoined from continuing the unlawful practices; and,

f.     Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

12.     The first cause of action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective COLLECTIVE CLASS.

13.     PLAINTIFF Vincent Bova and the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS' common and uniform policy and practice of misclassifying their employees, failing to pay for all actual time worked and wages earned, and failing to fully pay for all overtime in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

**CLASS ACTION ALLEGATIONS**

14.     PLAINTIFF Vincent Bova brings this action on behalf of himself in his individual capacity and also on behalf of a California Class consisting of all individuals in California employed by WAMU as non-supervisory underwriters and non-supervisory senior underwriters who by reason of their position and in accordance with the Defendant's job duties for these positions were required to follow strict, uniform, written criteria with

1   limited and expressed exception authority in determining whether each proposed loan met

2   the criteria established by the Defendant for loan approval of a residential loan during the

3   period commencing on the date four years prior to the filing of this complaint and ending on

4   the class period cutoff date (the "CALIFORNIA CLASS PERIOD").  This class is

5   hereinafter referred to as the "CALIFORNIA CLASS." By reason of this strict criteria with

6   limited exception authority, the members of the class lacked the required level of

7   independent judgment and discretion for the administrative exemption to apply to them as

8   they had no say in the writing of the criteria or the limited exception authority they were

9   granted but instead were required to perform within this expressed written criteria

10  established by the management of the company.  The members of the CLASS were all

11  required by WAMU to follow the written underwriting criteria established by WAMU and

12  lacked the authority to deviate from the established criteria in performing their underwriting

13  duties. As a result there was no variance between what the members of the class were

14  required to do on a daily basis. The CALIFORNIA CLASS includes all such persons,

15  whether or not they were paid by commission, by salary, or by part commission and part

16  salary.

17        15.    DEFENDANTS, as a matter of corporate policy, practice and procedure,

18  and in violation of the applicable California Labor Code ("Labor Code") and Industrial

19  Welfare Commission ("IWC") Wage Order Requirements intentionally and knowingly, on

20  the basis of job title alone and without regard to the actual overall requirements of the job,

21  systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA

22  CLASS as exempt from overtime wages and other labor laws in order to avoid the payment

23  of overtime wages by misclassifying their positions as exempt from overtime wages and

24  other labor laws.  To the extent equitable tolling operates to toll claims by the

25  CALIFORNIA CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD

26  should be adjusted accordingly.

27        16.    DEFENDANTS violated the rights of the CALIFORNIA CLASS under

28

FIRST AMENDED COMPLAINT

California Law by:

    (a)    Committing an act of unfair competition in violation of the California Labor Code, by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS overtime pay for a work day longer than eight (8) hours and/or a work week longer than forty (40) and/or for all hours worked on the seventh (7th) consecutive day in a work week and by violating the California Labor Code and regulations promulgated thereunder as hereinafter alleged.

    (b)    Violating Cal. Lab. Code § 510 by failing to pay PLAINTIFF and the members of the CALIFORNIA CLASS overtime pay for a work day longer than eight (8) hours and/or a work week longer than forty (40) hours and/or for all hours worked on the seventh (7th) consecutive day in a work week, for which DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194.

    (c)    Violating Cal. Lab. Code § 515.5 by misclassifying PLAINTIFF and the members of the CALIFORNIA CLASS as exempt from receiving overtime compensation.

    (d)    Violating Cal. Lab. Code § 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the PLAINTIFF and the members of the CALIFORNIA CLASS who have terminated their employment.  Thus, DEFENDANTS are liable for such wages for a period of thirty (30) days following the termination of such employment.

    (e)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA CLASS with an accurate itemized

1    statement in writing showing the total hours worked by the employee.

2    (f)    Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and

3    orders implementing the Code, by failing to provide PLAINTIFF and

4    the members of the CALIFORNIA CLASS with meal periods and are

5    thus liable for premium pay of one hour for each workday such meal

6    periods were denied.

7    17.    This Class Action meets the statutory prerequisites for the maintenance

8    of a Class Action as set forth in Rule 23 of the Federal Rules of Civil Procedure

9    ("F.R.C.P."), in that:

10    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

11    that the joinder of all such persons is impracticable and the disposition

12    of their claims as a class will benefit the parties and the Court;

13    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

14    issues that are raised in this Complaint are common to the

15    CALIFORNIA CLASS and will apply uniformly to every member of

16    the CALIFORNIA CLASS;

17    (c)    The claims of the representative PLAINTIFF are typical of the claims

18    of each member of the CALIFORNIA CLASS. PLAINTIFF, like all

19    other members of the CALIFORNIA CLASS, was systematically

20    misclassified as exempt and sustained economic injuries arising from

21    DEFENDANTS' violations of the laws of California. PLAINTIFF and

22    the members of the CALIFORNIA CLASS are similarly or identically

23    harmed by the same unlawful, deceptive, unfair and pervasive pattern

24    of misconduct engaged in by the DEFENDANTS of systematically

25    misclassifying as exempt all members of the CALIFORNIA CLASS

26    solely on the basis of their job title and without regard to

27    DEFENDANTS' realistic expectations and the actual, overall

28

9

1    requirements of the job resulting in economic injury to employees so

2    misclassified.

3    (d)    The representative PLAINTIFF will fairly and adequately represent and

4    protect the interest of the CALIFORNIA CLASS, and has retained

5    counsel who are competent and experienced in Class Action litigation.

6    There are no material conflicts between the claims of the representative

7    PLAINTIFF and the members of the CALIFORNIA CLASS that would

8    make class certification inappropriate.  Counsel for the CALIFORNIA

9    CLASS will vigorously assert the claims of all Class Members.

10    18.    In addition to meeting the statutory prerequisites to a Class Action, this

11    action is properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

12    (a)    Without class certification and determination of declaratory, injunctive,

13    statutory and other legal questions within the class format, prosecution

14    of separate actions by individual members of the CALIFORNIA

15    CLASS will create the risk of:

16    1)    Inconsistent or varying adjudications with respect to individual

17    members of the CALIFORNIA CLASS which would establish

18    incompatible standards of conduct for the parties opposing the

19    CALIFORNIA CLASS; or,

20    2)    Adjudication with respect to individual members of the

21    CALIFORNIA CLASS which would as a practical matter be

22    dispositive of interests of the other members not party to the

23    adjudication or substantially impair or impede their ability to

24    protect their interests.

25    (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds

26    generally applicable to the CALIFORNIA CLASS, making appropriate

27    class-wide relief with respect to the CALIFORNIA CLASS as a whole

28

FIRST AMENDED COMPLAINT

in that the DEFENDANTS systematically misclassified as exempt all members of the CALIFORNIA CLASS solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

2)     The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)     The difficulties likely to be encountered in the management of a Class Action; and,

5)     The basis of DEFENDANTS misclassifying PLAINTIFF and the CALIFORNIA CLASS as exempt by job title.

19.     This Court should permit this action to be maintained as a Class Action pursuant to F.R.C.P. 23 because:

(a)     The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the

11

FIRST AMENDED COMPLAINT

1            CALIFORNIA CLASS;

2       (c)     The members of the CALIFORNIA CLASS are so numerous that it is

3            impractical to bring all members of the CALIFORNIA CLASS before

4            the Court;

5       (d)     PLAINTIFF, and the other CALIFORNIA CLASS members, will not

6            be able to obtain effective and economic legal redress unless the action

7            is maintained as a Class Action;

8       (e)     There is a community of interest in obtaining appropriate legal and

9            equitable relief for the common law and statutory violations and other

10           improprieties, and in obtaining adequate compensation for the damages

11           and injuries which DEFENDANTS' actions have inflicted upon the

12           CALIFORNIA CLASS;

13      (f)     There is a community of interest in ensuring that the combined assets

14           and available insurance of DEFENDANTS are sufficient to adequately

15           compensate the members of the CALIFORNIA CLASS for the injuries

16           sustained;

17      (g)     DEFENDANTS have acted or refused to act on grounds generally

18           applicable to the CALIFORNIA CLASS, thereby making final class-

19           wide relief appropriate with respect to the CALIFORNIA CLASS as a

20           whole; and

21      (h)     The members of the CALIFORNIA CLASS are readily ascertainable

22           from the business records of the DEFENDANTS.  The CALIFORNIA

23           CLASS consists of all individuals in California employed by WAMU

24           as non-supervising underwriters and non-supervising senior

25           underwriters who, by reason of their position and in accordance with

26           Defendant's job duties for these positions, were required to follow

27           strict, uniform, written criteria with limited and expressed exception

28

authority in determining whether each proposed loan met the approval criteria established by the Defendant for approval of a residential loan. By reason of this strict approval criteria with limited exception authority, the members of the CLASS lacked the requisite level of independent judgment and discretion for the administrative exemption to apply to them as they had no say in the writing of the criteria or the limited exception authority they were granted but instead were required to perform within this expressed written criteria established by the management of the company.  The members of the CALIFORNIA CLASS were all required by WAMU to follow the underwriting criteria established by WAMU and lacked the authority to deviate from the established written criteria in performing their underwriting task. DEFENDANTS, as a matter of law, have the burden of proving the basis for the exemption as to each and every Underwriter and Senior Underwriter.  To the extent that DEFENDANTS have failed to maintain records sufficient to establish the basis for the exemption (including but not limited to, the employee's job duties, wages, and hours worked) for any member of the CALIFORNIA CLASS, DEFENDANTS are estopped, as a matter of law,  to assert  the existence of the exemption.

## **GENERAL ALLEGATIONS**

20.    WAMU, as a matter of corporate policy, practice and procedure, and in violation of  the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of the job, systematically misclassified the

PLAINTIFF and the other members of the CALIFORNIA CLASS and the COLLECTIVE

CLASS (the "CLASS") as exempt from overtime wages and other labor laws in order to

avoid the payment of overtime wages by misclassifying their non-supervisory underwriters

and non-supervisory senior underwriters who by reason of their position and in accordance

with their job duties for these two positions were required to follow strict, uniform, written

criteria with limited and expressed exception authority in determining whether each

proposed loan met the criteria established by the Defendant for approval of a residential

loan.  By reason of this strict criteria with limited exception authority, the members of the

class lacked the required level of independent judgment and discretion for the administrative

exemption to apply to them as they had no say in the criteria or the limited exception

authority they were granted but instead were required to perform within this expressed

written criteria established by the management of the company.  The members of the

CLASS were all required by WAMU to follow the underwriting criteria established by

WAMU and lacked the exception authority to deviate from the established criteria in

performing their underwriting duties except as expressly set forth in the criteria.  As a result,

there was no variance between what the members of the class were required to do on a daily

basis.

  21. WAMU has intentionally and deliberately created numerous job levels and a

multitude of job titles to create the superficial appearance of hundreds of unique jobs, when

in fact, these jobs are substantially similar and can be easily grouped together for the

purpose of determining whether they are exempt from overtime wages.  Indeed, one of

WAMU'S purposes in creating and maintaining this multi-level job classification scheme is

to create a roadblock to discovery and class certification for all employees similarly

misclassified as exempt. The members of the CALIFORNIA CLASS were all required by

WAMU to follow the written underwriting criteria established by WAMU and lacked the

authority to deviate from the established criteria in performing their underwriting duties.

Despite these facts, WAMU has uniformly misclassified these CLASS members as exempt

FIRST AMENDED COMPLAINT

1   and denied them overtime wages and other benefits to which non-exempt employees are

2   entitled in order to unfairly cheat the competition and unlawfully profit.

3       22.     WAMU maintains records from which the Court can ascertain and identify

4   each of DEFENDANTS' employees who as CLASS members, have been systematically,

5   intentionally and uniformly misclassified as exempt as a matter of DEFENDANTS'

6   corporate policy, practices and procedures.  PLAINTIFF will seek leave to amend the

7   complaint to include the specific job titles or designations for the members of the

8   CALIFORNIA CLASS when they have been identified.

9

10                          **THE CONDUCT**

11      23.     PLAINTIFF Vincent Bova was hired by Defendant WAMU and placed into a

12  non-supervising underwriting position in one of WAMU's "Loan Fulfillment Centers"

13  located in the city of San Diego, in the state of California.  The position was described to the

14  PLAINTIFF as an exempt and full time position.  The PLAINTIFF functions as a working

15  member on the production side of a loan underwriting team.  The job duties of PLAINTIFF

16  and the other members of the CLASS are to deliver approvals or denials of loans that are

17  referred to the Loan Fulfillment Center based on established criteria that is set by others and

18  followed by the members of the CLASS.  A loan is the product that WAMU delivers to the

19  customers.  The PLAINTIFF and other UNDERWRITERS decide whether to approve or

20  deny the loan application based on rigidly defined criteria established by WAMU and the

21  members of the CLASS had only limited and expressed exception authority to deviate from

22  this criteria.  Effectively, the members of the CLASS act simply as quality control

23  technicians, mechanically reviewing whether a loan application fits within WAMU criteria

24  so as to qualify as a WAMU loan.  The members of the CLASS all spend the majority of

25  their time at work mechanically determining whether the income ratio, credit, collateral and

26  other financial statement information provided by the applicant fits within WAMU's loan

27  criteria, which is developed by WAMU, and not the members of the CLASS, and if not,

28

whether any of the written exceptions provided by WAMU to the CLASS members for loan

applications would apply.  In delivering approvals or denials, the members of the CLASS

have no authority to change any of WAMU's product criteria that determine whether a loan

application is to be approved.  Like any product quality control technician, the members of

the CLASS can only enforce the criteria established by the DEFENDANT in a routine,

automatic manner that is devoid of any independent judgment or discretion.

24.     In performing these routine tasks, the members of the CLASS have worked

and continue to work worked more than eight (8) hours a day and more than forty (40) hours

a week.  Workweeks have often consisted of seven (7) straight working days.  Within this

schedule, the members of the CLASS were subjected to intense scrutiny by their managers

and supervisors, under which they were expected to deliver approvals or denials of each loan

within strictly enforced "production goals."  WAMU determines whether a member of the

CLASS is meeting the "production goals" by routinely supervising the production rate of

each employee pursuant to a structured point system.  According to this system, each loan

approval earns the member of the CLASS one (1) point.  "Production goals" that range from

six (6) to eight (8) point per day often cause the members of the CLASS to work between

ten and a half (10 ½ ) and fourteen (14) hours per day.  As a result of these rigorous

demands, PLAINTIFF and other similarly situated employees were also often unable to take

meal breaks.  During the Class Period, PLAINTIFF, and the other members of the CLASS

worked and still work on the production side of WAMU's business, but are nevertheless

classified as exempt from overtime pay and worked and still work more than eight (8) hours

a day, more than forty (40) hours a week, and on the seventh (7th) consecutive day of a week.

25.     Neither the PLAINTIFF, nor any member of the CLASS, was primarily

engaged in work of a type that was or now is directly related to WAMU's management

policies or general business operations, when giving these words a fair but narrow

construction, as the job of the members of the CLASS was to follow established policies and

procedures.  .  Neither the PLAINTIFF, nor any member of the CLASS was primarily

16

engaged in work of a type that was or now is performed at the level of the policy or management of WAMU. To the contrary, the work primarily performed by the members of the CLASS is work wherein PLAINTIFF and members of the CLASS are primarily engaged in the day to day business operations of WAMU, to mechanically deliver routine product approvals or denials of loans in accordance with the established criteria of the management policies and general business operations established by WAMU's management. In this way, the work of PLAINTIFF and the members of the CLASS is focused solely on mechanically approving or denying the product produced by WAMU, pursuant to WAMU's established criteria.

26.    Considerations such as (a) DEFENDANTS' realistic expectations for CLASS members' positions, on the production side of WAMU's business enterprise working in teams in Loan Fulfillment Centers, of which PLAINTIFF was a member, and (b) the actual overall requirements of the CLASS members' positions, are susceptible to common proof. The fact that their work involved a specialized skill set in a defined area does not mean that the PLAINTIFF and other members of the CLASS are exempt from overtime wages. Indeed, the exercise of discretion and independent judgment must be more than the use of a skill set described in a manual or other sources. The work that PLAINTIFF and other members of the CLASS were and are primarily engaged in performing day to day activities is the work that is required to be performed as part of the day to day business of WAMU's in processing loan applications. As a result, PLAINTIFF and the other members of the CLASS were and still are primarily engaged in work that falls squarely on the production side of the administrative/production worker dichotomy.

27.    WAMU systematically misclassified as exempt PLAINTIFF and all other members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job. Consequently, PLAINTIFF and the other members of the CALIFORNIA CLASS and COLLECTIVE CLASS were uniformly and systematically

1  exempted from payment for overtime wages for hours worked in excess of eight (8) hours

2  per day and/or (40) forty hours per week and/or for all hours worked on the seventh (7th)

3  consecutive day of any work week during the applicable CLASS PERIOD.

4      28.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to

5  establish exemptions from the requirement that an overtime rate of compensation be paid

6  pursuant to Sections 510 and 511 for executive, administrative, and professional employees,

7  provided that the employee is primarily engaged in the duties that meet the test of the

8  exemption, customarily and regularly exercises discretion and independent judgment in

9  performing those duties, and earns a monthly salary equivalent to no less than two times the

10  state minimum wage for full-time employment.  California Labor Code Section 515.5 and

11  Industrial Welfare Commission Wage Order 4-2001, set forth the requirements which must

12  be satisfied in order for an employee to be lawfully classified as exempt.  Although

13  wrongfully classified by DEFENDANTS as exempt at the time of hire and thereafter,

14  PLAINTIFF, and all other members of the similarly-situated CALIFORNIA CLASS, are not

15  exempt under Industrial Welfare Commission Wage Order 4-2001, and Cal. Lab. Code §

16  515.5.

17      29.    Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, et

18  seq., set forth the requirements which must be satisfied in order for an employee to be

19  lawfully classified as exempt from receiving overtime compensation.  Although wrongfully

20  classified by DEFENDANTS as exempt at the time of hire and thereafter, PLAINTIFF, and

21  all other members of the similarly-situated COLLECTIVE CLASS, are not exempt under

22  section 13 of the FLSA or the provisions of 29 C.F.R. 541, et seq.

23      30.    Despite the fact that PLAINTIFF, and the other members of the CLASS,

24  regularly worked in excess of 8 hours a day and/or 40 hours per week and/or on the seventh

25  (7th) consecutive day of a work week, they did not receive overtime compensation and as a

26  result suffered an economic injury.

27      31.    Further, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFF and other

28

FIRST AMENDED COMPLAINT

1   members of the CALIFORNIA CLASS, were required to be provided with meal breaks each

2   workday.  DEFENDANTS failed to provide PLAINTIFF and all other members of the

3   CALIFORNIA CLASS with the statutorily required uninterrupted meal breaks during the

4   CALIFORNIA CLASS PERIOD, thereby causing additional economic injuries to

5   PLAINTIFF and other members of the CALIFORNIA CLASS.

6       32.    Under  29 U.S.C. § 207, PLAINTIFF and other members of the

7   COLLECTIVE CLASS, were required to be compensated for all meal breaks taken by

8   PLAINTIFF and the other members of the COLLECTIVE CLASS where they performed

9   duties predominantly for the benefit of the DEFENDANTS during the meal breaks.   Under

10  29 CFR 785.19, this time spent during the lunch break is compensable because PLAINTIFF

11  and the other members of the COLLECTIVE CLASS were required to perform duties while

12  eating.

13

14                    **FIRST CAUSE OF ACTION**

15          **Fair Labor Standards Act, *29 U.S.C. §§ 201, et seq.* ("FLSA")**

16       **(By PLAINTIFF and the COLLECTIVE CLASS and Against all DEFENDANTS)**

17       33.    PLAINTIFF, and the other members of the COLLECTIVE CLASS,

18  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1

19  through 32 of this Complaint.

20       34.    DEFENDANTS are engaged in communication, business, and transmission

21  throughout the United States and is, therefore, engaged in commerce within the meaning of

22  29 U.S.C. § 203(b).

23       35.    29 U.S.C. § 255 provides that a three-year statute of limitations applies

24  to willful violations of the FLSA.

25       36.    29 U.S.C. § 207(a)(1) provides in pertinent part:

26              Except as otherwise provided in this section, no employer shall employ any of

27              his employees who in any workweek is engaged in commerce or in the

28

1 production of goods for commerce, or is employed in an enterprise engaged in

2 commerce or in the production of goods for commerce, for a workweek longer

3 than forty hours unless such employee receives compensation for his

4 employment in excess of the hours above specified at a rate not less than one

5 and one-half times the regular rate at which he is employed.

6 37. Section 213(a)(1) of the FLSA provides that the overtime pay requirement

7 does not apply to:

8 any employee employed in a bona fide executive, administrative, or

9 professional capacity (including any employee employed in the capacity of

10 academic administrative personnel or teacher in elementary or secondary

11 schools), or in the capacity of outside salesman (as such terms are defined and

12 delimited from time to time by regulations of the Secretary, subject to the

13 provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.]

14 except [that] an employee of a retail or service establishment shall not be

15 excluded from the definition of employee employed in a bona fide executive

16 or administrative capacity because of the number of hours in his workweek

17 which he devotes to activities not directly or closely related to the performance

18 of executive or administrative activities, if less than 40 per centum of his hours

19 worked in the workweek are devoted to such activities).

20 38. DEFENDANTS have willfully engaged in a widespread pattern and practice

21 of violating the provisions of the FLSA, as detailed above, by uniformly designating certain

22 employees as "exempt" employees, by their job title and without regard to DEFENDANTS'

23 realistic expectations and actual overall requirements of the job, including PLAINTIFF and

24 the other members of the COLLECTIVE CLASS who worked on the production side of the

25 DEFENDANTS' business enterprise.  This was done in an illegal attempt to avoid payment

26 of overtime wages and other benefits in violation of the FLSA and Code of Federal

27 Regulations requirements.

28

FIRST AMENDED COMPLAINT

39.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually worked, including time spent training DEFENDANTS' employees during meal periods, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

40.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

41.     The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. PLAINTIFF does not hold a bachelor's degree related to finance, has not taken any prolonged course of specialization relating to finance, and has attained the vast majority of the skills used as an employee of DEFENDANTS from on the job training.

42.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions

21

1    affecting other employees; and,

2    (d)    The employee must be primarily engaged in duties which meet the test of

3    exemption.

4    No member of the COLLECTIVE CLASS was or is an "executive" because they all fail to

5    meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R.

6    541.100.

7    43.    For an employee to be exempt as a bona fide "administrator," all of the

8    following criteria must be met and DEFENDANTS have the burden of proving that:

9    (a)    The employee must perform office or non-manual work directly related to

10    management or general business operation of the employer or the employer's

11    customers;

12    (b)    The employee must customarily and regularly exercise discretion and

13    independent judgment with respect to matters of significance; and,

14    (c)    The employee must regularly and directly assist a proprietor or an exempt

15    administrator; or,

16    (d)    The employee must perform under only general supervision, work requiring

17    special training, experience, or knowledge; and,

18    (e)    The employee must be primarily engaged in duties which meet the test of

19    exemption.

20    No member of the COLLECTIVE CLASS was or is an administrator because they all fail to

21    meet the requirements of for being  an "administrator" under section 13(a) of the FLSA and

22    29 C.F.R. 541.300.

23    44.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

24    members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week

25    and were also required to perform duties that were primarily for the benefit of the employer

26    during meal periods.

27    45.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and

28

other members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA, even though PLAINTIFF and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work, overtime hours.

46.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, regular compensation for the hours they have worked, performing duties primarily for the benefit of the employer during meal periods.

47.    For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANTS were and are uniform throughout California in all respects material to the claims asserted in this Complaint.

48.    There are no other exemptions applicable to PLAINTIFF and/or to members of the COLLECTIVE CLASS.

49.    As a result of DEFENDANTS' failure to pay overtime and failure to pay regular compensation for hours worked during meal periods, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

50.    Therefore, PLAINTIFF demands that he and the members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, regular compensation for every hour worked primarily for the benefit of DEFENDANTS for which they were not compensated, plus interest and attorneys' fees as provided by law.

### SECOND CAUSE OF ACTION

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against all DEFENDANTS)**

51.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

23

reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

52.    Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

53.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

54.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

55.    Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

56.    Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

57.    Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

58.    DEFENDANTS have intentionally and uniformly designated certain employees as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job, including PLAINTIFF and the other members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS' business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

59.    For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)    The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)    The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)    The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of Order No. 4-2001.

60. For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

(a) The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b) The employee must customarily and regularly exercise discretion and independent judgment; and,

(c) The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d) The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e) The employee must execute special assignments and tasks under only general supervision; and,

(f) The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 4-2001.

61. The Industrial Welfare Commission, ICW Wage Order 4-2001 also sets forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide professional, all the following criteria must be met:

(a) The employee must primarily perform work that is intellectual or creative and that requires the exercise of discretion and independent judgment.

(b) The employee must be licensed of certified by the state of California and is primarily engaged in the practice of one of the following recognized professions: law, medicine, dentistry, optometry, architecture, engineering, teaching or accounting.

FIRST AMENDED COMPLAINT

No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet the requirements for being an "professional" under Order No. 4-2001.

62.    PLAINTIFF, and other members of the CALIFORNIA CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a) Less than fifty percent (50%) of their work hours are spent on managerial or administrative (exempt) duties;

(b) More than fifty percent (50%) of their work hours are spent performing non exempt duties, including but not limited to answering telephones, filling out pre-printed forms and following strict and exacting procedures;

(c) They do not have the discretion or independent judgment, in that they must follow exacting and comprehensive company-wide policies and procedures which dictate every aspect of their work day;

(d) They do not have the authority to hire/or and fire other personnel; and,

(e) None of the exemptions articulated in Wage Order No. 4, subparagraph (h), apply to the PLAINTIFF, or to the other members of the CLASS.

63.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA CLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a work week and/or on the seventh (7th) consecutive day of a workweek.

64.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA CLASS, were regularly required to work, and did in fact work, overtime hours.

65.    By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CALIFORNIA CLASS, for their regular and overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are

FIRST AMENDED COMPLAINT

1    presently unknown to them and which will be ascertained according to proof at trial.

2    66.    DEFENDANTS knew or should have known that PLAINTIFF, and the other

3    members of the CALIFORNIA CLASS, were misclassified as exempt and DEFENDANTS

4    systematically elected, either through intentional malfeasance or gross nonfeasance, not to

5    pay them for their overtime labor as a matter of uniform corporate policy, practice and

6    procedure.

7    67.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA CLASS,

8    request recovery of regular and overtime compensation according to proof, interest,

9    attorney's fees and cost pursuant to Cal. Lab. Code § 218.5 and § 1194(a), as well as the

10    assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the

11    Cal. Lab. Code and/or other statutes. Further, PLAINTIFF, and the other members of the

12    CALIFORNIA CLASS, are entitled to seek and recover reasonable attorneys' fees and costs

13    pursuant to Cal. Lab. Code §§ 218.5 and 1194.

14    68.    In performing the acts and practices herein alleged in violation of labor laws

15    and refusing to provide the requisite regular and overtime compensation, the

16    DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously

17    toward the PLAINTIFF, and toward the other members of the CALIFORNIA CLASS, with

18    a conscious and utter disregard of their legal rights, or the consequences to them, and with

19    the despicable intent of depriving them of their property and legal rights and otherwise

20    causing them injury in order to increase corporate profits at the expense of PLAINTIFF and

21    the members of the Class.

22

23    **THIRD CAUSE OF ACTION**

24    **For Failure to Pay Wages When Due**

25    **[ Cal. Lab. Code § 203]**

26    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

27    69.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

28

FIRST AMENDED COMPLAINT

reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of this Complaint.

70. Cal. Lab. Code § 200 provides that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

71. Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

72. Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for

FIRST AMENDED COMPLAINT

1    more than 30 days.

2        73.    Many of the California Class members have terminated their employment and

3    DEFENDANTS have not tendered restitution of wages owed.

4        74.    Therefore, as provided by Cal lab. Code § 203, on behalf of himself and

5    the members of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as

6    penalty for not paying all wages due at time of termination for all employees who terminated

7    employment during the CALIFORNIA CLASS PERIOD and demand an accounting and

8    payment of all wages due, plus interest, as provided by Cal lab. Code § 218.6 plus attorneys

9    fees and interest as allowed by law.

10

11                    **<u>FOURTH CAUSE OF ACTION</u>**

12                    **For Failure to Provide Meal Periods**

13                    **[Cal. Lab. Code §§ 226.7 and 512]**

14    **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

15        75.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege

16    and incorporate by reference, as though fully set forth herein, paragraphs 1 through 74 of

17    this Complaint.

18        76.    Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ

19    an employee for a work period of more than five hours per day without providing the

20    employee with a meal period of not less than 30 minutes, except that if the total work period

21    per day of the employee is no more than six hours, the meal period may be waived by

22    mutual consent of both the employer and employee. An employer may not employ an

23    employee for a work period of more than 10 hours per day without providing the employee

24    with a second meal period of not less than 30 minutes, except that if the total hours worked

25    is no more than 12 hours, the second meal period may be waived by mutual consent of the

26    employer and the employee only if the first meal period was not waived."

27        77.    Section 11 of the Order 4-2001 of the Industrial Wage Commission provides,

28

FIRST AMENDED COMPLAINT

in relevant part:

    Meal Periods:

          (A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

          (B)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

78.    Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

79.     DEFENDANTS have intentionally and improperly failed to provide all rest and/or meal periods without any work or duties to PLAINTIFF and the other members of the CALIFORNIA CLASS who worked more than three and one half hours (3 ½) per day, and by failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

80.     Therefore, PLAINTIFF demands on behalf of himself and the members of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not provided for each four (4) hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours of work in which a meal period was not provided.

## FIFTH CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

81.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 80 of this Complaint.

82.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the

FIRST AMENDED COMPLAINT

1    employee may be aggregated and shown as one item,

2    (5) net wages earned,

3    (6) the inclusive dates of the period for which the employee is paid,

4    (7) the name of the employee and his or her social security number, except that by

5    January 1, 2008, only the last four digits of his or her social security number or an

6    employee identification number other than a social security number may be shown on

7    the itemized statement,

8    (8) the name and address of the legal entity that is the employer, and

9    (9) all applicable hourly rates in effect during the pay period and the corresponding

10   number of hours worked at each hourly rate by the employee."

11        83.    At all times relevant herein, DEFENDANTS violated Labor Code § 226, in

12   that DEFENDANTS failed to properly and accurately itemize the number of hours worked

13   by PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective

14   regular rates of pay and the effective overtime rates of pay.

15        84.    DEFENDANTS knowingly and intentionally failed to comply with Labor

16   Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA

17   CLASS.  These damages include, but are not limited to, costs expended calculating the true

18   hours worked and the amount of employment taxes which were not properly paid to state

19   and federal tax authorities.  These damages are difficult to estimate.  Therefore,

20   PLAINTIFF, and the other members of the CLASS elect to recover liquidated damages of

21   $50.00 for the initial pay period in which the violation occurred, and $100.00 for each

22   violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to

23   proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each

24   respective member of the CALIFORNIA CLASS herein) plus reasonable attorney's fees and

25   costs pursuant to Labor Code § 226(g).

26

27                          **SIXTH CAUSE OF ACTION**

28

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code § 17200 et seq.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

85.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 84 of this Complaint.

86.    DEFENDANTS are "persons" as that term is defined under Cal. Bus. and Prof. Code § 17021.

87.    Cal. Bus. And Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

88.    By the conduct alleged hereinabove in the Second through Fifth Claims for Relief, DEFENDANTS have violated the provisions of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or labor taken without proper compensation.

89.    By and through the unfair and unlawful business practices described hereinabove, DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete.

90.    All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 et seq.

91.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair

1  and unlawful and that an injunctive relief should be issued restraining DEFENDANTS from

2  engaging in any of these unfair and unlawful business practices in the future.

3      92.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no

4  plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business

5  practices of DEFENDANTS.  As a result of the unfair and unlawful business practices

6  described above, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have

7  suffered and will continue to suffer irreparable harm unless DEFENDANTS are restrained

8  from continuing to engage in these unfair and unlawful business practices.  In addition,

9  DEFENDANTS should be required to disgorge the unpaid moneys to PLAINTIFF, and the

10 other members of the CALIFORNIA CLASS.

12              **<u>SEVENTH CAUSE OF ACTION</u>**

13          **Labor Code Private Attorneys General Act**

14              **[Cal. Labor Code § 2698]**

15  **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

16      68.     PLAINTIFFS, and the other members of the CLASS, reallege and incorporate

17 by this reference, as though fully set forth herein, paragraphs 1 through 67 of this Complaint.

18      69.     On January 25, 2008, Plaintiff gave written notice by certified mail to the

19 Labor and Workforce Development Agency and the employer of the specific provisions of

20 this code alleged to have been violated as required by Labor Code § 2699.3.  No notice of an

21 intent to investigate or not investigate was provided by the agency within 33 calendar days

22 of the postmark date of the notice, and the agency subsequently provided notice that they did

23 not intend to investigate.  As a result, pursuant to Section 2699.3, Plaintiff may now, and

24 hereby does, commence a civil action pursuant to Section 2699.

25      70.     The policies, acts and practices heretofore described were and are an unlawful

26 business act or practice because DEFENDANTS' failure to pay wages, failure to provide

27 rest and meal period breaks, failure to pay wages and compensation for work without rest

28

and meal period breaks and failure to provide accurate wage statements and maintain

accurate time records for PLAINTIFFS and the other members of the CLASS violates

applicable Labor Code sections and gives rise to statutory penalties as a result of such

conduct, including but not limited to penalties as provided by Labor Code §§ 221, 226,

226.7, 558, 1174 and 1194, applicable Industrial Welfare Commission Wage Orders.

Plaintiffs, as aggrieved employees, hereby seeks recovery of civil penalties as prescribed by

the Labor Code Private Attorney General Act of 2004 on behalf of himself and other current

and former employees of DEFENDANTS, against whom one or more of the violations of

the Labor Code was committed.

## **PRAYER**

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and

severally, as follows:

A)  Compensatory damages, according to proof at trial due PLAINTIFF and the

other members of the COLLECTIVE CLASS and CALIFORNIA CLASS,

during the applicable COLLECTIVE CLASS PERIOD and CALIFORNIA

CLASS PERIOD plus interest thereon at the statutory rate;

B)  Restitution, according to proof at trial, due PLAINTIFF and the other

members of the CALIFORNIA CLASS, during the applicable CALIFORNIA

CLASS PERIOD plus interest thereon at the statutory rate;

C)  One (1) hour of pay for each workday in which a meal period was not

provided to PLAINTIFF and each member of the CALIFORNIA CLASS for

each four (4) hours of work during the period commencing on the date that is

within four years prior to the filing of this Complaint;

D)  An order temporarily, preliminarily and permanently enjoining and restraining

DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

E)  An order requiring DEFENDANTS to provide an accounting of all wages and

all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the COLLECTIVE and CALIFORNIA CLASSES;

F)   Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and CALIFORNIA CLASSES;

G)   An award of interest, including prejudgment interest at the legal rate;

H)   An award of statutory damages and/or penalties as available under the law;

I)   Reasonable attorneys' fees and cost of suit pursuant to statute and/or as available under the law;

J)   An award of civil penalties as provided by the Labor Code Private Attorneys General Act of 2004.

K)   Such other and further relief as the Court deems just and proper.

Dated:  March 28, 2008              BLUMENTHAL & NORDREHAUG

By:   *s/Norman B. Blumenthal*
      Norman B. Blumenthal
      Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands a jury trial on issues triable to a jury.

3

4    Dated: March 28, 2008                    BLUMENTHAL & NORDREHAUG

5

6                                            By:___*s/Norman B. Blumenthal*_____
                                                  Norman B. Blumenthal
7                                                 Attorneys for Plaintiff

8                                            UNITED EMPLOYEES LAW GROUP
                                             Walter Haines, Esq.
9                                            65 Pine Ave, #312
                                             Long Beach, CA 90802
10                                           Telephone: (562) 256-1047
                                             Facsimile: (562) 256-1006
11

12

13

14

15

16

17

18

19

20    K:\D\NBB\Bova v. Wamu\p-federal-complaint-First Amended.wpd

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT