JONATHAN HAYDEN (Bar No. 104520)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
jonathan.hayden@hellerehrman.com

CHAD R. FULLER (Bar No. 190830)
BRITTANY L. S. LITTLE (Bar. No. 239681)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122
Telephone: (858) 450-8400
Facsimile: (858) 450-8499
chad.fuller@hellerehrman.com
brittany.little@hellerehrman.com

Attorneys for Defendant
WASHINGTON MUTUAL BANK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BOVA, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK and Does 1 to 10,<br><br>Defendants. | Case No.: 07 CV 2410 WQH JMA<br><br>**DEFENDANT WASHINGTON MUTUAL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STAY PLAINTIFFS' CALIFORNIA CLASS ALLEGATIONS AND PRIVATE ATTORNEY GENERAL ACTION ALLEGATIONS**<br><br>**Date: June 9, 2008**<br>**Time: 11:00 a.m.**<br>**Judge: William Q. Hayes** |

Heller
Ehrman LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The class action allegations in this case should be dismissed because a virtually identical class claim was filed in California Superior Court, and class certification was denied (and upheld on appeal).  Under California law, which applies for this analysis, the denial of class certification bars subsequent litigation of substantially identical class claims. *Alvarez v. May Dept. Stores*, 143 Cal. App.4[th] 1223, 1233 and 1236 (2006).

Plaintiffs are current and former WaMu underwriters who claim that they were misclassified as exempt from overtime and related wage and hour laws.  This same group of employees brought the same claim in *Creese v. Washington Mut. Bank*, No. B193931, 2008 WL 650766 (March 12, 2008) (not reported).[1]  The class action claims in both cases turned on the same issue:  Whether the underwriters' exemption as administrative employees presents predominantly common issues, and whether class treatment is superior.  These issues were litigated thoroughly in *Creese*, and having lost them in *Creese*, Plaintiffs may not relitigate them here.

## II.     STATEMENT OF THE FACTS

Plaintiff's First Amended Complaint alleges six claims on behalf of the "California Class."  The "California class" is alleged to include:

> all individuals in California employed by WaMu as non-supervisory underwriters and non-supervisory senior underwriters …

Plaintiffs allege seven "causes of action."  The first, under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*  (FLSA) is not subject to this motion because, under the FLSA, class certification pursuant to Rule 23 is not available, and plaintiffs correctly have not alleged a Rule 23 class for the FLSA claim.  *See Wang v. Chinese Daily News, Inc.*, 231

---

[1] The *Creese* plaintiffs filed a petition for Supreme Court review, but there is virtually no probability that the Court will grant a review on the record presented.  While WaMu expects a denial of review shortly, WaMu understands that technically the *Creese* decision may not be final.  In the alternative to granting the instant motion, WaMu requests a brief stay pending the resolution of the *Creese* plaintiffs' petition.

Heller
Ehrman LLP

2

1   F.R.D. 602, 605 (C.D. Cal. 2005) (stating that the motion at issue does not concern the

2   FLSA claims, which require individual consent and cannot be litigated pursuant to Rule 23);

3   *see also Lusardi v. Lechner*, 855 F.2d 1062, 1068 n.8 (N.J. 1988) (noting that courts have

4   generally recognized that Rule 23 class actions may not be used under FLSA § 16(b)).  The

5   other six claims for relief, however, include class allegations and seek certification as a

6   class pursuant to Rule 23.  Each of these six claims is based on the theory that the

7   underwriters were misclassified as exempt.  Based on that allegation, the complaint alleges

8   that they were not paid proper overtime (Second "Cause of Action"); were not paid all

9   wages when due (Third "Cause of Action"), did not receive meal breaks (Fourth "Cause of

10  Action"); did not receive appropriately detailed wage statements (Fifth "Cause of Action");

11  were subjected to "unlawful business practices" (Sixth "Cause of Action"); and may bring

12  actions under California's Private Attorney General Act (PAGA) (Seventh "Cause of

13  Action").

14          On October 21, 2004, a virtually identical class action was filed by Kimberly Creese

15  ("Creese") against WaMu alleging that WaMu misclassified California underwriters as

16  exempt.  The *Creese* complaint alleged five of the six legal theories alleged by Mr. Bova

17  here, including the failure to pay overtime and wages due upon termination; failure to

18  provide meal breaks or adequate wage statements; and subjection to unlawful business

19  practice.  *Creese* Compl. ¶¶ 38, 56, 68, 76, 86  attached as Exhibit A to WaMu's Request

20  for Judicial Notice .  The only claim which the *Bova* complaint alleges and the *Creese*

21  complaint did not allege, is the seventh claim for relief under PAGA, California Labor Code

22  § 2698, et seq.  The PAGA court, however, is predicated on precisely the same operative

23  factual and legal contention, namely that the underwriters were misclassified as exempt

24  under California law.

25          In April 2006 the *Creese* plaintiffs moved to certify a class under California Code of

26  Civil Procedure Section 382, which generally incorporates the same principles and requires

27  the same analysis as does Rule 23.  *See Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th

28  715, 740 (2004) (stating that the California Supreme Court has urged trial courts to

Heller
Ehrman LLP

3

incorporate procedures from outside sources, particularly Federal Rule of Civil Procedure 23 in determining whether to allow class suits) (citing *City of San Jose v. Superior Court*, 12 Cal. App. 3d 447, 453 (1974)), (stating that this court has directed courts to incorporate procedures from Federal Rule of Civil Procedure 23 when determining class status).   The key issues in contention on that motion were whether common issues would predominate in litigating whether California's administrative exemption applied to the underwriters, and whether the class action device was a superior method for resolving any disputes on this subject.  *Creese*, 2008 WL 650766 at *1 attached as Exhibit K to WaMu's Request for Judicial Notice.  These, of course, are the same issues that will be presented in a Rule 23 motion for the six California-law based class action claims in this case.  After full briefing, including supplementary post-hearing briefing, the Superior Court in *Creese* ruled that common issues did not predominate, and that class action treatment was not superior, leading it to deny plaintiffs' motion for class certification.  *Id.*  Plaintiffs appealed, and the California Court of Appeal affirmed the trial court's decision.  *Id.* at *9.  Plaintiffs have since filed a petition for Supreme Court review that has not yet been decided.

While the *Creese* case was still pending, Bova filed his original complaint on December 26, 2007.  Thereafter, counsel for WaMu contacted Bova's counsel and informed them that the *Creese* case was already under submission in the California Court of Appeal. On January 29, 2008, Bova and WaMu filed a Joint Motion to extend the time for WaMu to respond to the complaint until after the California Court of Appeal rendered its decision in *Creese*.  On March 18, 2008, after *Creese* was affirmed, Bova and WaMu entered into another Joint Motion in which a new date was agreed upon for Bova to file an amended complaint in light of the *Creese* decision.

## III.    LEGAL ARGUMENT

### A.    Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed if it fails "to state a claim upon which relief can be granted."  In order to state a claim, a plaintiff must allege facts that, if accepted as true, are sufficient to establish its entitlement to relief

under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Dismissal is, therefore, appropriate when a claim either: (1) lacks a cognizable legal theory; or (2) contains insufficient factual allegations to support recovery under a cognizable legal theory. *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

Pleading sufficient facts to survive a motion to dismiss "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Twombly*, 127 S. Ct. at 1965. The Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim.[2] The defenses of *res judicata* and collateral estoppel (i.e., claim and issue preclusion) may be raised in a motion to dismiss when the court can take judicial notice of all relevant facts." *Sogbandi v. Markham*, No. C 02-2675 CRBPR, 2002 WL 31855299, *2 (N.D. Cal. Dec. 17, 2002) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992)) (the defense of *res judicata* can be raised by a Rule 12(b)(6) motion when "all relevant facts are shown by the court's own records, of which the court takes notice"). According to Federal Rule of Evidence 201(b), a fact can be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This can include state court judgments. *See Louis v, McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1156 n. 4 (C.D. Cal. 2006.) (noting that under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies); *see also Hott v.*

---

[2] Along with its Notice of Motion and Motion, WaMu has submitted a Request For Judicial Notice.

Heller
Ehrman LLP

5

1  *City of San Jose*, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (stating that pursuant to Federal

2  Rule of Evidence 201, the Court may take judicial notice of papers filed in other courts);

3  *Mehlar Corp. v. City of St. Louis, Mo.*, 530 F. Supp. 85, 86 (E.D. Mo. 1981) (using a

4  judicially noticed order, judgment and decree entered in state court involving the matter at

5  hand in federal litigation for *res judicata* purposes).

### B.  Plaintiffs' Proposed California Class Cannot Be Certified

6

7  The class of WaMu underwriters which Bova seeks to represent cannot be certified

8  as a Rule 23 class because WaMu has already litigated the issue of class certification for a

9  virtually identical class in a California trial court, and won.  That court's denial of a class

10  certification motion was upheld on appeal.[3]  That court found that such a class lacks

11  commonality and superiority and, therefore, cannot be certified.

### 1.  Plaintiffs Are Judicially Estopped From Relitigating the Issue of Class Certification Because the Prior Judgment in *Creese* Denied Certification of a Virtually Identical Class Based on a Lack of Commonality

12
13
14

15  *Creese* denied certification of a proposed class consisting of "all current and former

16  Loan Underwriters employed by Defendants at their business locations within the state of

17  California, who failed to receive premium overtime wages, and meal and rest periods, from

18  four years prior to the filing of this complaint to final judgment."  That class was virtually

19  identical to the class that Plaintiffs in this action propose.[4]  Both cases are based on the

20

21  [3] Plaintiffs in that matter (*Creese*) have filed a petition for review to the California Supreme Court that is currently pending.

22  [4] Plaintiffs' proposed class consists of: "All individuals employed by WaMu as non-
23  supervisory underwriters and non-supervisory senior underwriters who by reason of their position and in accordance with the Defendant's job duties for these two positions were
24  required to follow strict uniform written criteria with limited and express exception authority in determining whether each proposed loan met the approval criteria established
25  by the Defendant for loan approval of a residential loan, during the collective Class Period and California Class Period."  Bova Compl. ¶ 1.  The essence of this class allegation is the
26  same:  California underwriters.  The additional language in the *Creese* class merely is a functional description of the impact of being classified as exempt, while the additional
27  verbiage in the *Bova* class description describes circumstances which allegedly would defeat the exemption.

28

Heller
Ehrman LLP

1  contention that the underwriters were misclassified under California law, and both cases

2  would require predominantly common issues and superiority before a class could be

3  certified. Those issues were litigated in *Creese*, and resolved in WaMu's favor. The

4  doctrine of collateral estoppel prevents relitigation of issues previously argued and resolved

5  in a prior proceeding, and applies to an order denying class certification in another lawsuit

6  brought by other plaintiffs. *See Alvarez v. May Dept. Stores Co.*, 143 Cal. App. 4th 1223,

7  1233 and 1236 (2006).

8        In *Alvarez*, a group of plaintiffs were barred on demurrer from bringing a second

9  class action where an earlier class, consisting of similar putative members had been denied.

10  *Alvarez* was, like this case, based on an alleged misclassification of employees as exempt

11  from overtime compensation. The court had already denied class certification in two

12  previous cases, *Gorman v. Robinsons-May, Inc.*, BC174606 and *Duran v. Robinsons-May,*

13  *Inc.*, RCV42727, which consisted of a virtually identical class as that pled in *Alvarez*.

14        The trial court sustained the demurrer and the Court of Appeal affirmed that decision

15  finding that "when a prevailing party seeks to enforce a ruling denying class certification

16  against an absent putative class member, the general principles of collateral estoppel apply."

17  *Id*. at 1236. The court noted that in order for the principles of collateral estoppel to apply,

18  "the party in the earlier case have interests sufficiently similar to the party in the later case,

19  so that the first party may be deemed the virtual representative of the second party." *Id*.

20  The court found that the complaints in *Duran* and *Alvarez* both alleged that respondent

21  engaged in the same general misconduct involving the same policies and procedures and

22  sought certification of the same class. While the causes of action were not identical, it did

23  not prevent the application of collateral estoppel because the doctrine does not depend on

24  the legal theory used, but rather the primary right asserted. In both *Duran* and *Alvarez*, the

25  primary right asserted was the right to litigate similar claims in a class action. *Id*. at 1237.

26  Based on those factors, the court concluded that the *Duran* plaintiffs were the virtual

27  representatives of the *Alvarez* appellants and that they should have reasonably expected to

28  be bound by the *Duran* decision.

Heller
Ehrman LLP

1    In this case, like *Alvarez*, Plaintiffs are estopped from bringing Rule 23 class claims

2  alleging misclassification of underwriters because the California court has already denied

3  class treatment of the same claims based on both a lack of commonality, and lack of

4  superiority.  The causes of action in *Creese* and *Bova* are almost identical.  The single

5  exception, Bova's PAGA claim, while not alleged in *Creese*, is still predicated on the

6  alleged misclassification and thus is based on the same primary right.  The class issues were

7  fully litigated in *Creese* with the court finding that class certification was improper because

8  common questions did not predominate, and because class certification would not be

9  advantageous to the judicial process and the litigants.  *See Creese*, 2008 WL 650766 at *1.

10  The same primary right that was asserted in *Creese* is being asserted here and the *Bova*

11  Plaintiffs' interests were adequately represented in *Creese* making the *Creese* plaintiffs

12  virtual representatives of the *Bova* Plaintiffs.

13         **2.**     **The Fact That Plaintiffs Decided To Litigate Their Claims In**
                     **Federal Court Does Not Prevent the Application of Collateral**

14                   **Estoppel Based on the State Court's Decision in *Creese***

15      The California State Court's denial of class certification in *Creese* collaterally estops

16  Plaintiffs from relitigating the issue of class certification in Federal Court under the doctrine

17  of full faith and credit.  Pursuant to 28 U.S.C. § 1738, the "judicial proceedings" of any

18  State "shall have the same full faith and credit in every court within the United States ... as

19  they have by law or usage in the courts of such State ... from which they are taken."  *See*

20  *also Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996).  In other words,

21  "federal courts may not employ their own rules in determining the effect of state judgments,

22  but must accept the rules chosen by the state from which the judgment is taken."  *Id.*

23  Furthermore, "a judgment entered in a class action, like any other judgment entered in a

24  state judicial proceeding, is presumptively entitled to full faith and credit under the express

25  terms of the Act."  *Id.* at 374.

26      In *Frosini v. Bridgestone Firestone N. Am. Tire LLC*, No. CV 05-0578 CAS (RZx),

27  2007 WL 2781656 (C.D. Cal. 2007), the United Sates District Court, Central District of

28  California faced an almost identical issue as presented here.  Plaintiffs in that case

Heller
Ehrman LLP

8

1  attempted to bring a class action lawsuit regarding defective tires. *Id*. at *2. The plaintiffs'

2  action was stayed pending ongoing proceedings in a California State Court action entitled

3  *Littell v. Bridgestone/Firestone, Inc.* In *Littell*, the Superior Court twice denied plaintiffs'

4  motion for class certification. The plaintiffs appealed and the order denying class

5  certification was affirmed. *Id*. The proposed class in *Littell* was identical to the proposed

6  class in *Frosini*. Defendant in *Frosini* brought a motion for summary judgment of

7  plaintiffs' class allegations on the ground that the order denying class certification in *Littell*

8  precluded them from having their class certified. *Id*. at *3. The court found in favor of the

9  defendants and granted their motion for summary adjudication because plaintiffs were

10 estopped by the court's decision in *Littell* from relitigating certification of the class. *Id*. at

11 *15.

12      In reaching its decision, the court noted that under 28 U.S.C. § 1738, it had a duty to

13 apply the *res judicata* rules of California to judgments issued by a California court. *Id*. at *

14 4. *Res judicata* has two parts, claim preclusion and collateral estoppel. With collateral

15 estoppel, a prior judgment is a complete bar to a new suit on a different cause of action

16 where: "(1) A claim or issue raised in the present action is identical to a claim or issue

17 litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the

18 merits; and (3) the party against whom the doctrine is being asserted was a party or in

19 privity with a party to the prior proceeding." *Id*. The court stated that for purposes of *res*

20 *judicata*, whether or not the same claim is being raised has to do with the primary rights

21 theory where the invasion of one primary right gives rise to a single cause of action and not

22 the specific legal grounds presented for relief. The court also cited to *Alvarez* to show that

23 the California Court of Appeal has held that "collateral estoppel may operate to preclude a

24 successive motion for class certification brought by a putative absent class member in a

25 prior case." *Id*. at *5

26 **IV.    CONCLUSION**

27      For the foregoing reasons, WaMu respectfully requests that the court grant this

28 motion to dismiss the class allegations brought with respect to the Second through Seventh

Heller
Ehrman LLP

1  Claims for Relief or in the alternative, grant a brief stay until the resolution of the Petition

2  for Supreme Court review in *Creese*.

3

4  Dated:  May 5, 2008                              HELLER EHRMAN LLP

5

6                                                   /s/ Chad R. Fuller
                                                    Jonathan Hayden
7                                                   Chad R. Fuller
                                                    Brittany Little
8                                                   Attorneys for Defendant
                                                    WASHINGTON MUTUAL BANK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Heller
Ehrman LLP    28