1  **BLUMENTHAL & NORDREHAUG**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6  Walter Haines, Esq.
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

9

10

11                    **UNITED STATES DISTRICT COURT**

                  **SOUTHERN DISTRICT OF CALIFORNIA**
12

13

14  VINCENT BOVA, on behalf of himself,         CASE No.  **07 cv 2410** WQH (JMA)
15  and on behalf of all persons similarly
    situated,                                   **PLAINTIFF'S OPPOSITION TO**
16                                              **DEFENDANT WASHINGTON**
                                                **MUTUAL'S MOTION TO DISMISS**
17              Plaintiffs,                      **OR IN THE ALTERNATIVE**
                                                **MOTION TO STAY PLAINTIFFS'**
18  vs.                                         **CALIFORNIA CLASS**
                                                **ALLEGATIONS AND PRIVATE**
19  WASHINGTON MUTUAL BANK and                  **ATTORNEY GENERAL ACTION**
    Does 1 to 10,                               **ALLEGATIONS**
20
                                                **Date:       June 9, 2008**
21              Defendants.                     **Time:       11:00 a.m.**
                                                **Judge:      William Q. Hayes**
22

23

24

25

26

27

28

---

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MEMO OF P & A'S IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE MOTION TO STAY                        CASE NO: **07 CV 241 WQH JMA**

# **TABLE OF CONTENTS**

I.      INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PROCEDURAL HISTORY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.     LEGAL ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.    Collateral Estoppel is Inapplicable Here Because Identical Issues
              Do Not Exist  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.    Plaintiff Bova's Complaint Properly Corrects the Procedural
              Flaws Identified in <u>Creese</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        C.    Factors Weighing Against Collateral Estoppel Include Plaintiff's
              Assertion of a Unique Class and Plaintiff's Representation by
              Different Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        D.    Plaintiff Bova Alleges a Claim as a Private Attorney General  . . . . . . . . . . 13

        E.    The <u>Creese</u> Plaintiffs Impermissibly Alleged a "Fail-Safe" Class  . . . . . . . . 14

V.      DEFENDANTS' REQUEST TO WEIGH FACTS AND JUDGE THE
        FACTS REGARDING DEFENDANTS' WRONGFUL CONDUCT
        AT THE PLEADING STAGE IS PREMATURE  . . . . . . . . . . . . . . . . . . . . . . . . . 15

VI.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>**TABLE OF AUTHORITIES**</u>

**Cases:**

<u>Alvarez v. May Dept. Stores</u>,
    143 Cal. App. 4th 1223 (2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 12, 13, 14

<u>Adashunas v. Negley</u>,
    626 F.2d 600 (7th Cir. 1980)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>Baas v. Dollar Tree Stores, Inc.</u>,
    2007 U.S. Dist. LEXIS 65979 (N.D. Cal. 2007)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

<u>Bufil v. Dollar Financial Group, Inc.</u>,
    2008 Cal. App. LEXIS 717 (Cal. App. 1st Dist. Apr. 17, 2008)  . . . . . . . . 2, 3, 9, 10, 13, 14

<u>Campbell v. PricewaterhouseCoopers, LLP</u>,
    2007 U.S. Dist. LEXIS 24344 (E.D. Cal. Mar. 19, 2007) . . . . . . . . . . . . . . . . . 7, 8, 14, 15

<u>Chong v. State Farm Mut. Auto. Ins. Co.</u>,
    428 F. Supp. 2d 1136 (S.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>Conley v. Gibson</u>,
    355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)  . . . . . . . . . . . . . . . . . . . . 8

<u>Creese v. Wash. Mut. Bank</u>,
    2008 Cal. App. Unpub. LEXIS 2060 (Cal. App. 2d Dist. 2008)  . . . . . . . . . . . *passim*

<u>Cruz v. Beto</u>,
    405 U.S. 319, 322, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972)  . . . . . . . . . . . . . . . . . . 7

<u>Dafforn v. Rousseau Associates, Inc.</u>,
    1976-2 Trade Cas. (CCH), P 61219, 1976 WL 1358 (N.D. Ind. 1976)  . . . . . . . . . . 16

<u>Dodd-Owens v. Kyphon, Inc.</u>,
    2007 U.S. Dist. LEXIS 11728, 2007 WL 420191 (N.D. Cal. Feb. 5, 2007) . . . . . . . . 3, 16

<u>Frosini v. Bridgestone Firestone North Amer. Tire</u>,
    2007 U.S. Dist. Lexis 73767 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

<u>Genenbacher v. CenturyTel Fiber Co. II</u>,
    244 F.R.D. 485 (C.D. Ill. 2007)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>Heffelfinger v. Elec. Data Sys. Corp.</u>,
    2008 U.S. Dist. LEXIS 5296 (C.D. Cal. Jan. 7, 2008) . . . . . . . . . . . . . . . . . . . . . . 16

<u>Hishon v. King & Spalding</u>,
    467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)  . . . . . . . . . . . . . . . . . . . 8

<u>In re Intel Corp. Microprocessor Antitrust Litig.</u>,
    496 F.Supp.2d 404 (D. Del. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>In re Wal-Mart Stores, Inc.</u>,
    505 F. Supp. 2d 609 (N.D. Cal. 2007)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 17, 18

*Jones v. Bates,*
    127 F.3d 839 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Labajo v. Best Buy Stores, L.P.,*
    478 F.Supp.2d 523 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Linder v. Thrifty Oil Co.,*
    23 Cal. 4th 429 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Motisola Malikha Abdallah v. Coca-Cola Co.,*
    1999 U.S. Dist. LEXIS 10612, 1999 WL 527835 (N.D. Ga. 1999) . . . . . . . . . . . . . . . 17

*Myers v. MedQuist, Inc.,*
    2006 U.S. Dist. LEXIS 91904, 2006 WL 3751210 (D. N.J. 2006) . . . . . . . . . . 7, 17

*Oshana v. Coca-Cola Co.,*
    225 F.R.D. 575 (N.D. Ill. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 11

*Prince v. CLS Trans., Inc.,*
    118 Cal. App. 4th 1320 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn,*
    373 U.S. 746, 83 S. Ct. 1461, 10 L. Ed. 2d 678 (1963) . . . . . . . . . . . . . . . . . . . . . . . 7

*Sav-On Drug Stores v. Superior Court,*
    34 Cal. 4th 319 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Scheuer v. Rhodes,*
    416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wheeldin v. Wheeler,*
    373 U.S. 647, 83 S. Ct. 1441, 10 L. Ed. 2d 605 (1963) . . . . . . . . . . . . . . . . . . . . . . . 7

*Zapka v. Coca-Cola Co.,*
    2000 U.S. Dist. LEXIS 16552 (N.D. Ill. Oct. 26, 2000) . . . . . . . . . . . . . . . . . . . . . . . 11


**Statutes, Rules and Regulations:**

Cal. Bus. Prof. Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal. Lab. Code § 2698 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14

## I.    INTRODUCTION

Defendant's Motion to Dismiss Plaintiff's class allegations makes the bold statement that Plaintiff Vincent Bova has filed a "virtually identical" class claim to the class claim filed by Kimberly Creese.  Although this statement, that the cases are *identical*, constitutes the gravamen of Defendant's argument, Defendant notably fails to offer a full and complete comparison of the class definition that was denied certification in <u>Creese</u>, to the class definition proposed by Plaintiff Bova in the First Amended Complaint ("FAC").

Had Defendant provided the Court with the benefit of both definitions, Defendant's argument that the cases are "virtually identical" would have quickly fallen like a house of cards. The plaintiff in <u>Creese v. Washington Mut. Bank</u> ("<u>Creese</u>") sought to certify:

> **All** current and former employees of Defendant who were employed as **underwriters** and classified as exempt from overtime by Defendant at their mortgage lending business locations in the state of California within four (4) years of the filing of this complaint through the resolution of this lawsuit.

(*See* Creese Motion for Class Certification, attached to WaMu's Request for Judicial Notice ("RJN") as <u>Exhibit "B"</u>, [Doc. No. 9-3, at page 32]).

Plaintiff Vincent Bova, however, alleges a different California class in this case, which only includes:

> **all** individuals in California employed by WAMU as **non-supervisory underwriters and non-supervisory senior underwriters who by reason of their position and in accordance with the Defendant's job duties for these positions were required to follow strict, uniform, written criteria with limited and expressed exception authority in determining whether each proposed loan met the criteria established by the Defendant for loan approval of a residential loan** during the period commencing on the date four years prior to the filing of this complaint and ending on the class period cutoff date

(*See* Plaintiff's First Amended Complaint ("FAC") at ¶14, [Doc. No. 8]).

Where, as here, a successive plaintiff "proposes a different class that, on its face, attempts to correct the flaws identified in [the prior action where class certification was denied]," the doctrine of collateral estoppel should not be applied.  <u>Oshana v. Coca-Cola Co.</u>, 225 F.R.D. 575, 579 (N.D. Ill. 2005) (**holding that the <u>principles of collateral estoppel did not apply</u> where a <u>different plaintiff</u> presented <u>different facts</u> before the court**) ("<u>Oshana</u>");

1    *see also* <u>Bufil v. Dollar Financial Group, Inc.</u>, 2008 Cal. App. LEXIS 717, *16-17 (Cal. App.

2    1st Dist. Apr. 17, 2008) ("<u>Bufil</u>") (collateral estoppel did not apply where the plaintiff

3    "**propose[d] a class definition that on its face attempts to correct flaws identified in the**

4    **[prior] lawsuit resulting in denial of certification**").[1]   The reasoning in <u>Bufil</u> distinguishes

5    this case from the unique situation addressed in <u>Alvarez v. May Dept. Stores</u>, 143 Cal. App. 4th

6    1223 (2006).

7         As shown above, Plaintiff Bova seeks to certify a class of underwriters that is far

8    narrower than the putative class defined by <u>Creese</u>.  For example, Plaintiff Bova is only

9    asserting claims on behalf of non-supervisory, as opposed to all underwriters, including

10   supervisors.  Plaintiff Bova has also limited the class to only those underwriters who gave

11   approval to residential loans, pursuant to strict criteria set forth in their job duties by

12   Defendants.

13        These modifications were intentionally made in the FAC to address and correct the

14   problems that caused the California state court to deny certification of the class alleged in

15   <u>Creese</u>. Consequently, the question of whether Plaintiff Bova's class claims should be certified

16   does not present the Court with the same issues that were litigated and decided in <u>Creese</u>.

17        Indeed, Defendant has the burden of proving the existence of identical issues before this

18   Court can bar the litigation of Plaintiff Bova's class claims under the doctrine of collateral

19   estoppel:

20        For the [collateral estoppel] doctrine to apply, **the issue <u>must be identical</u>** to an
         issue that was actually litigated and necessarily decided in a prior proceeding, and
21       the decision therein must have been final and on the merits.

22   <u>Bufil</u>, 2008 Cal. App. LEXIS at *13.

23        This burden the Defendant here has clearly failed to meet.  Defendant's Motion at best

24   makes a failed attempt to create the artificial impression of identity by deliberately omitting the

25   relevant portions of the Plaintiff's class definition and using the manufactured term "virtually

26   identical" from whole cloth.  The Court now, with the benefit of both, *unabridged* class

27

28        [1]   Emphasis added and internal citations omitted unless otherwise indicated.

1  definitions, can clearly see that the definitions are not identical.  As a result, the doctrine of

2  collateral estoppel does not apply to the <u>Bova</u> class.

3      <u>Bufil</u> explains that the doctrine of collateral estoppel may only be applied on the basis

4  of a prior class action ruling if the issue that was previously adjudicated is **identical** to the issue

5  presented in a subsequent action.  <u>Id.</u>  In light of the fact that the class definitions differ in many

6  substantive ways, this showing of identity simply has not been made here by Defendant.

7      Here, Plaintiff Bova alleges a class definition that has carefully excised the groups of

8  putative class members asserted in the <u>Creese</u> allegations that caused a lack of commonality.

9      Defendant's Motion also states that the proposed class that was denied certification in

10  <u>Creese</u> consisted of:

11      all current and former Loan Underwriters employed by Defendants at their
        business locations within the state of California, <u>who failed to receive premium</u>
12      <u>overtime wages, and meal and rest periods, from four years prior to the filing of</u>
        <u>this complaint to final judgment</u>.
13

14  (*See* Def's Motion, pg 6:15-18, [Docket No. 9]).

15      This type of class definition is called a '**fail safe**' class because the class definition

16  precludes the possibility of an adverse judgment against class members.  Put simply, the class

17  members either win or are not in the class by definition, thus precluding the Court from entering

18  an adverse judgment against the class.  See e.g. <u>Dodd-Owens v. Kyphon, Inc.</u>, No. C 06-3988

19  JF (HRL), 2007 U.S. Dist. LEXIS 11728, 2007 WL 420191, *3 (N.D. Cal. Feb. 5, 2007)

20  (striking the words "who have experienced gender discrimination at any time during the

21  applicable liability period" from a class definition on the ground that it created a "fail-safe

22  class").  Here, Plaintiff Bova has cured this defect by alleging a purely fact-based class

23  definition, completely devoid of any language constituting conclusions of ultimate fact.

24      As a result, there can be no doubt that the class definition litigated in <u>Creese</u> and the

25  Bova class definition are very different and the issues now presented before this Court are not

26  identical to the issues that were litigated and decided in <u>Creese</u>.  Plaintiff, therefore, respectfully

27  requests that Defendant's Motion be denied because applying collateral estoppel to bar Plaintiff

28  Bova's unique class allegations would not be proper.

1    Defendant's Motion should also be denied because, at this time, an attack on Plaintiff's

2    class allegations via a Motion to Dismiss is premature.  "[T]he practice employed in the

3    overwhelming majority of class actions is to resolve class certification only after an appropriate

4    period of discovery."  In re Wal-Mart Stores, Inc., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)

5    (declining to rule on the propriety of class allegations before discovery had commenced or

6    arguments related to class certification had been made, despite noting that plaintiffs' class

7    allegations were "somewhat suspicious"), citing to 7AA Charles Alan Wright, Arthur R. Miller

8    & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005).

9    While Defendant should certainly be afforded the chance to challenge Plaintiff's class

10   allegations, this challenge should be made only after Plaintiff has "at least be[en] given the

11   opportunity to make the case for certification based on appropriate discovery."  In re Wal-Mart

12   Stores, Inc., supra, 505 F. Supp. 2d at 615.

13   At this time, Plaintiff Bova and Defendant WaMu (the "Parties") have not even

14   conducted their Rule 26(f) Conference.  Addressing the propriety of Plaintiff's class allegations

15   requires rigorous factual analysis and  should, therefore, be decided only after discovery and

16   with the benefit of a complete evidentiary record.  Labajo v. Best Buy Stores, L.P., 478

17   F.Supp.2d 523, 529 (S.D.N.Y. 2007); see also In re Intel Corp. Microprocessor Antitrust Litig.,

18   496 F.Supp.2d 404, 418 (D. Del. 2007) (denying motion to dismiss California unfair

19   competition law claims because the issue is "best left to a later stage of the proceedings.").  As

20   a result, the Defendant's Motion should, therefore, respectfully be denied on the additional

21   ground of being premature.

22

23   **II.    PROCEDURAL HISTORY**

24   On December 26, 2007, Plaintiff Vincent Bova filed this Class Action on behalf of

25   himself and a class of similarly situated employees of WaMu.  (Complaint, [Docket No. 1]).

26   Plaintiff Vincent Bova began his employment with WaMu in April 2005 as a residential loan

27   underwriter and has worked for WaMu through May 2008 but was given notice of his

28   termination following the filing of this lawsuit.  During his employment, Plaintiff Bova was

1    improperly classified as "exempt" by WaMu.

2         On or about January 17, 2008, Defendant WaMu notified Plaintiff that the denial of

3    certification of the  class in <u>Creese</u> was on appeal and scheduled for oral argument on February

4    21, 2008.  Noting that the outcome of <u>Creese</u> could potentially affect the procedural posture of

5    this case, the Parties filed a Joint Stipulation to stay this case pending the decision of the Court

6    of Appeal in <u>Creese</u>.  (*See* Stipulation, [Doc. No. 3]).

7         On March 28, 2008, following the Court of Appeals affirmance of the trial court decision

8    in <u>Creese</u>, Plaintiff Bova filed a FAC alleging claims on behalf of a California Class, redefined

9    to include only:

> all individuals in California employed by WAMU as **non-supervisory underwriters
> and non-supervisory senior underwriters who by reason of their position and in
> accordance with the Defendant's job duties for these positions were required to
> follow strict, uniform, written criteria with limited and expressed exception
> authority in determining whether each proposed loan met the criteria established
> by the Defendant for loan approval of a residential loan** during the period
> commencing on the date four years prior to the filing of this complaint and ending on
> the class period cutoff date.

(*See* Plaintiff Bova's First Amended Complaint ("FAC") at ¶14, [Doc. No. 8]).[2]

     Having studied the court's decision denying class certification in <u>Creese</u>, Plaintiff

carefully narrowed the above referenced class definition with a deliberate eye towards avoiding

the problems of overbreadth and lack of commonality that were caused by the class definition

asserted in <u>Creese</u>:

> **All** current and former employees of Defendant who were employed as
> **underwriters** and classified as exempt from overtime by Defendant at their
> mortgage lending business locations in the state of California within four (4)
> years of the filing of this complaint through the resolution of this lawsuit.

(Creese Motion for Class Certification, Def. RJN, <u>Exhibit "B"</u>, [Doc. No. 9, at p.32]).

     As refined, the class allegations included by Plaintiff Bova in the FAC seek to remedy

the issues that caused the court in <u>Creese</u> to deny class certification.  The first issue that caused

---

[2]    Plaintiff has also alleged a claim under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*
("FLSA"), the propriety of which is not challenged by Defendant's Motion.  (*See* Def's Motion, pg
2:21-24, [Doc. No. 9]).  Plaintiff also brings a private attorney general act ("PAGA") claim that, as
explained herein, is not properly subject to this motion.  (FAC at ¶ 68 [Doc. No. 8].)

1    a lack of commonality in <u>Creese</u> resulted from the various "different products underwritten:

2    Retail, wholesale, loans to 'emerging markets,' custom construction, and Government loans."

3    (*See* <u>Creese v. Wash. Mut. Bank</u>, 2008 Cal. App. Unpub. LEXIS 2060, *6 (Cal. App. 2d Dist.

4    2008), Def. RJN <u>Exhibit "K"</u>, [Docket No. 9, attachment #3]).  To address this issue, Plaintiff

5    Bova excises all underwriters who service these unique products, leaving only those

6    underwriters who give approvals to **residential loans**.

7        Commonality was also not found because the <u>Creese</u> class forced the court to distinguish

8    between the underwriters who performed managerial tasks as compared to the underwriters who

9    performed non-managerial tasks.  In response, the court found this task to be one that "cannot

10   be mechanically resolved."  <u>Id.</u> at *7.  In order to address this issue, Plaintiff Bova restricts the

11   definition class in the FAC to only "**non-supervising underwriters** and **non-supervising**

12   **senior underwriters**." (FAC, [Docket No. 8]), thereby eliminating the need to ascertain the

13   amount of managerial tasks that were performed by each, individual class member.

14       Refining class allegations in this manner, to address and remedy specific procedural

15   defects found in a prior motion for class certification, is routinely approved of by the courts.

16   Indeed, while "in some circumstances denial of class certification may be given estoppel effect,

17   **courts are cautioned not to [find that] any ruling denying class certification is binding in**

18   **future litigation**." <u>Oshana</u>, <u>supra</u>, 225 F.R.D. at 579 (**holding that the <u>principles of collateral</u>**

19   **<u>estoppel did not apply</u> where a <u>different plaintiff</u> presented <u>different facts</u> before the**

20   **court**).[3]

21       The FAC also asserts claims brought under the Private Attorney General Act, Cal. Lab.

22   Code § 2698, *et seq*. ("PAGA").  While Defendant argues that the cause of action is "premised

23   _____

24   [3]    During the trial and the ensuing appeal, Ms. Creese was represented by Mark Yablonovich,
      Marc Primo, Matthew Theriault, Rebecca Labat and Linh Hua from the Initiative Legal Group.
25   This group of counsel has absolutely no connection or affiliation with Blumenthal & Nordrehaug or
      with the United Employees Law Group, counsel of record for Plaintiff Vincent Bova.  The record in
26   <u>Creese</u> is replete with errors by the Creese's counsel, including but not limited to: (1) abandoning
27   issues on appeal, (2) submitting false declarations, (3) asserting an overbroad class, and (4) arguing
      only one common issue.  These errors raise the obvious concern that the class in <u>Creese</u> was never
28   adequately represented.

1  on the same operative factual and legal contentions," **causes of actions brought as a private**

2  **attorney general, while similar, are not sufficiently identical for purposes of applying the**

3  **doctrine of collateral estoppel**. *See* <u>Campbell v. PricewaterhouseCoopers</u>, LLP, 2007 U.S.

4  Dist. LEXIS 24344, *7 (E.D. Cal. Mar. 19, 2007) (finding a plaintiff who purports to act as a

5  representative of the general public is dissimilar enough from a plaintiff seeking relief on behalf

6  of a class to deny a motion to dismiss based on collateral estoppel).

7        With Plaintiff's FAC recently filed in March and Defendant WaMu yet to answer, no

8  discovery has yet been conducted in this case.  As such, Plaintiff respectfully submits that

9  Defendant's motion is premature.  Given that 'the shape and form of a class action evolves only

10 through the process of discovery,'" Plaintiff should be afforded the opportunity to conduct such

11 discovery in order to further refine the class and move for class certification in due course.  *See*

12 <u>Myers v. MedQuist, Inc.</u>, No. 05-4608, 2006 U.S. Dist. LEXIS 91904, 2006 WL 3751210, *4

13 (D. N.J. 2006) (declining to strike class allegations because discovery had not yet commenced

14 and observing that most courts deny such motions if brought prior to discovery).

15       As to any need for a stay here, FAC filed by Plaintiff Bova alleges a separate and distinct

16 class action from the class denied certification in <u>Creese</u>.  The timetable for the <u>Bova</u> action,

17 therefore, should not be dictated by the procedural status of <u>Creese</u>.

18

19 **III.    LEGAL STANDARD**

20       On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See*

21 <u>Cruz v. Beto</u>, 405 U.S. 319, 322, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972).  The court is bound

22 to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-

23 pleaded" allegations of the complaint.  *See* <u>Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO</u>

24 <u>v. Schermerhorn</u>, 373 U.S. 746, 753 n.6, 83 S. Ct. 1461, 10 L. Ed. 2d 678 (1963).  Thus, the

25 plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from

26 facts properly alleged. *See* <u>Id</u>.; *see also* <u>Wheeldin v. Wheeler</u>, 373 U.S. 647, 648, 83 S. Ct. 1441,

27 10 L. Ed. 2d 605 (1963) (inferring fact from allegations of complaint).

28       In general, the complaint is construed favorably to the pleader.  <u>Scheuer v. Rhodes</u>, 416

1    U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).  So construed, the court may not dismiss

2    the complaint for failure to state a claim unless the defendant can prove beyond doubt that the

3    plaintiff can prove no set of facts in support of the claim which would entitle him or her to

4    relief.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)

5    (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

6

7    **IV.    LEGAL ARGUMENT**

8        **A.    Collateral Estoppel is Inapplicable Here Because Identical Issues
             Do Not Exist**

9

10        Defendant invents a new requirement for the first prong of the doctrine of collateral

11   estoppel, that"virtual" identity between the issues of a prior and subsequent lawsuit may suffice

12   to preclude such issues from being relitigated.  Rather than burden the Court with this novel

13   theory, Plaintiff would simply ask the Court to apply the correct standard:

14           The language of the first prong of the collateral estoppel analysis could not be
             clearer:  **the issues must be identical -- not merely similar, or even
15           substantially similar**. The issue sought to be precluded from relitigation must be
             identical to that decided in a former proceeding.  **Requiring identity of issues,
16           as opposed to mere similarity, serves the important purpose of ensuring that
             the rights of those estopped are not unnecessarily
17           circumscribed**.

18   Campbell v. PricewaterhouseCoopers, LLP, 2007 U.S. Dist. LEXIS 24344, *6-7 (E.D.
     Cal. Mar. 19, 2007).

19        Plaintiffs respectfully submits that the Court should not stray from the requirement of

20   identity and adopt Defendant's lenient standard of "virtual identity," because the rights of those

21   potentially estopped would be severely endangered.  Instead, the Court should strictly adhere

22   to the requirement that the issues presented by both class definitions must be identical in order

23   to apply collateral estoppel.  Given the clear differences between the class definition in Creese

24   and the class definition proposed by the FAC, Plaintiff Bova clearly is not presenting the court

25   with issues identical to the issues that were decided in Creese.  Accordingly, since the

26   requirement of identity of issues cannot be shown, Plaintiff Bova should not be estopped from

27   asserting the class claims as alleged in the FAC.

28

**B.    Plaintiff Bova's Complaint Properly Corrects the Procedural Flaws Identified in <u>Creese</u>**

In order to preserve the rights of the scores of unrepresented parties who may be bound by collateral estoppel, courts must permit a plaintiff in a subsequent case to correct the procedural defects of class allegations that were denied certification.[4]

This principle was correctly applied by the court in <u>Bufil</u>. There, the California Appellate Court was confronted by the legal consequences of a prior action, entitled <u>Chin v. Dollar Financial Group</u> (Super. Ct. Los Angeles County, No. BC295343). <u>Chin</u> was brought on behalf of a California class of all hourly store employees who were (1) employed for a period of more than five hours without a meal period of not less than 30 minutes, and/or (2) not authorized or permitted to take a rest break for every four hours of work. The trial court denied certification of this class in <u>Chin</u> based on insufficient commonality. This decision was also upheld on appeal.

About four (4) months later, Plaintiff Caren Bufil, filed a class action against Dollar on behalf of all hourly employees employed by Dollar in California for whom Dollar's records depicted a meal period not taken due to either (1) single employee per work shift or (2) in-store training. The Court of Appeal held that because the <u>Bufil</u> class "proposes a class that on its face attempts to correct flaws identified in the Chin/Nguyen lawsuit resulting in denial of certification[, the] trial court here erred in ruling that the class proposed by Bufil involved 'the same class problems involving liability' as were implicated in Chin/Nguyen, and thus erroneously concluded that issue preclusion should bar her quest for class certification." <u>Bufil</u>, <u>supra</u>, 2008 Cal. App. at *17.

---

[4]    Imagine the analogous situation wherein a poorly trained or over-zealous counsel files a blatantly over-broad class claim, fails to litigate the claim competently, and causes an entire class to fail to be certified. Under Defendant's "virtual similarity" doctrine, thousands of potential class members who have suffered from unlawful conduct, would then be bound by the decision, even though no class was certified. Without recourse for curing the procedural defects of the prior class allegations, these potential class members will have their rights for class-wide adjudication snatched away from them and be forever bound by the results of the ill-equipped counsel from the prior litigation, without notice and due process of law.

1    Like the plaintiff in <u>Bufil</u>, rather than presenting a class identical to the one asserted in

2 <u>Creese</u>, Plaintiff Bova alleges a separate and distinct class, painstakingly tailored to address the

3 issues that defeated certification in <u>Creese</u>.  <i>See</i> <u>Bufil</u>, <u>supra</u>, 2008 Cal. App. at *15.

4 Specifically, Plaintiff identified how the class definition in <u>Creese</u> created an overbreadth

5 problem by including all underwriters, regardless of whether the products serviced were loans

6 intended for residential, retail, wholesale, loans to 'emerging markets,' custom construction, or

7 Government loans.

8        Factually, [Creese's] first common question has been successfully refuted by
         [Bank's] evidence. [The underwriters] as a whole are not necessarily following
9        detailed, uniform procedures. The nature and type of 'level of discretion' and
         'independent judgment' depends upon many factors, as set forth in [Bank's]
10       evidence**. Such factors include the <u>different products underwritten: Retail,
         wholesale, loans to 'emerging markets', custom construction, and
11       Government loans.</u>**

12 (<i>See</i> <u>Creese v. Wash. Mut. Bank</u>, 2008 Cal. App. Unpub. LEXIS 2060, *6-7 (Cal. App. 2d Dist.

13 2008), Def. RJN <u>Exhibit "K"</u>, [Doc. No. 9-4, at p.125]).

14    By narrowing the class definition to include underwriters who give approval only to

15 **residential loans** products as in the case of Mr. Bova, the Complaint here eliminates a

16 significant obstacle that proved fatal to certification in <u>Creese</u>.  In so doing, Plaintiff Bova also

17 causes a new, unique, and, therefore, non-identical issue to be litigated by the Court.[5]

18 _____

19    [5]  As discussed in the <u>Creese</u> decision, counsel for Creese committed a variety of procedural
   and substantive errors which should raise concerns that Plaintiff Bova and the members of the Bova
20 class should not be bound by such representation.  First, Creese sought certification of a class that
   was so overbroad, including different loan products, differing business channels, complex loans,
21 and underwriters with exception authority.  (RJN at <u>Exh. "I"</u> [Doc. No. 9-4, at pp.89-89].  Second,
   Creese abandoned issues on appeal and provided no evidence for the Court to consider. [Doc. No.
22 94-, at pp.132-3].  Third, Creese submitted false declarations refuted by Defendant which the court
   concluded undermined the credibility of Creese's evidence. [Doc. No. 9-4, at pp.124-5].  No
23 reasonable class counsel would have made these mistakes.  At a minimum, these issues certainly
   undermine the assertion that what occurred in Creese should be applied to every class involving
24 underwriters, especially here where the class alleged is different in composition, time, and scope,
   and discovery has yet to establish the "shape and form of a class action" in this case.  In light of the
25 clear California authority affirming the importance of class actions under California law and that
   these types of employment claims be permitted to proceed as class actions, the different and more
26 modest class in this case should be permitted the opportunity to establish a certifiable class.  See
   <u>Linder v. Thrifty Oil Co.</u>, 23 Cal. 4th 429, 445 (2000) (importance of class actions); <u>Sav-On Drug</u>
27 <u>Stores v. Superior Court</u>, 34 Cal. 4th 319, 339 (2004) (importance of class actions to redress Labor
28

A similar practice was also approved of and employed in <u>Oshana</u>, <u>supra</u>, 225 F.R.D. at 579.  There, the <u>Oshana</u> court addressed the impact of a ruling made in a prior action, <u>Zapka v. Coca-Cola Co.</u>, No. 99 CV 8238, 2000 U.S. Dist. LEXIS 16552 (N.D. Ill. Oct. 26, 2000), where the district court "identified specific flaws in the proposed class definitions warranting denial of certification."  <u>Oshana</u> held that because the plaintiff "**propose[d] a different class that, on its face attempts to correct the flaws** identified in <u>Zapka</u>," collateral estoppel should not be applied.[6]

Here, a different class has clearly been alleged.  As a result, this class should be given a full and fair opportunity to correct the procedural flaws that caused the putative class in <u>Creese</u> to fail to be certified.

### C.  Factors Weighing Against Collateral Estoppel Include Plaintiff's Assertion of a Unique Class and Plaintiff's Representation by Different Counsel

Attempting to distract the Court from the requirement of identity of issues, Defendant confuses the concocted theory of "virtual identity" with the principle of "virtual representation," which is discussed in <u>Alvarez</u>.  Defendant's creative manipulation of language results in the incorrect proposition that collateral estoppel may be applied to causes of action that are not identical.

In <u>Alvarez</u>, the employer department store had faced two prior class actions asserting failure to pay overtime compensation.  The trial courts denied class certification in both cases and one resulted in a Court of Appeal affirmance.  <u>Duran v. Robinson-Mays, Inc.</u> (Apr. 18, 2003, E031288 [nonpub. opn.]) (<u>Duran</u>).; <u>Alvarez</u>, <u>supra</u>, 143 Cal.App.4th at 1228-1229.

Importantly, **the parties in both suits sought to certify the <u>same class</u> of employees**.  The Duran complaint defined the potential class as:

All current and former Employees of Robinson-May, Inc., holding the position

---

Code violations); <u>Prince v. CLS Trans., Inc.</u>, 118 Cal. App. 4th 1320, 1328 (2004)(noting that "**wage and hour disputes (and others in the same general class) routinely proceed as class actions**").

[6]  This Court should also note that in <u>Oshana</u>, the defendant asserted the doctrine of collateral estoppel at the proper time, in an opposition to the plaintiff's motion for class certification, rather than in a prematurely filed motion to dismiss.

of a salaried manager designated by Robinson-May, Inc. as an Area Sales Manager, and who worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, during the period September 9, 1995 to the present and who were not paid overtime compensation pursuant to applicable Cal. Labor Code requirements.

Id. at 1232.

The subsequently filed Alvarez complaint defined the class as:

All current and former employees of [Robinson-May, Inc.], holding the position of a salaried manager designated by [Robinson-May, Inc.] as an 'Area Sales Manager' (sometimes referred to herein as 'ASM'), and who worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week and who were not paid overtime compensation pursuant to applicable Cal. Labor Code requirements.

Id.

The use of an **identical class definition** in the subsequent Alvarez action weighed heavily in favor of the court's application of collateral estoppel. In this case, however, no such identity exists between the Creese and Bova class definitions.

Another factor that weighed in favor of applying collateral estoppel in Alvarez was the fact that the Duran and Alvarez plaintiffs used the same attorneys in their quest for class certification. Concluding that principles of collateral estoppel applied to preclude class certification of the Alvarez suit, the court held that the Duran plaintiffs were " 'virtual representatives' " of the Alvarez plaintiffs because the "**interested parties, their claims, and their counsel are the same**." Id. at p. 1238.[7]

Here, the Creese plaintiffs are not a "virtual representatives" of Plaintiff Bova. First, Plaintiff Bova filed this class action on behalf of an entirely different class involving a different time period. Second, Plaintiff Bova has, at all times, been represented by a completely different group of counsel, who have never had any association with the attorneys who represent Creese.

Finally, like the plaintiffs in Creese, no attempt was made by the Alvarez plaintiffs to narrow or otherwise tailor the subsequent class definition. In fact, every single employee who

---

[7] Although the Alvarez court uses the descriptor "virtual representative," the court in no way modifies the requirement that issues be "identical" to a looser standard that issues may be "virtually identical." Defendant creation of this less stringent requirement was completely original.

1   would have been included as a class member in <u>Duran</u> would have been equally eligible for

2   inclusion as a class member in <u>Alvarez</u>.

3        In contrast, Plaintiff Bova has refined the original class allegations with the clear intent

4   of addressing the problems that warranted denial of class certification in <u>Creese</u>.  Further, the

5   class allegations included in the FAC here were made on behalf of a unique class, with the

6   assistance of class counsel who bear no relation to the class counsel who represented the

7   plaintiffs in <u>Creese</u>.  As a result, the dangers warned of in <u>Alvarez</u>, of an identical motion for

8   class certification being perpetually relitigated by the same class counsel, with only the name

9   of the class representative being changed, are not implicated by Plaintiff Bova's class claims.

10        **D.        Additional Factors Preclude the Application of Collateral Estoppel**

11        As discussed above, not only is collateral estoppel inapplicable because the issues are

12   not identical, but also because the requirement of privity is lacking.[8]  The Ninth Circuit holds

13   that for privity, "California Courts look to whether the relationship between the party in the

14   earlier suit and the nonparty bringing the suit is 'sufficiently close' to justify preclusion of the

15   latter.  **Due process requires at a minimum that the party to be estopped 'must have had**

16   **an identity or community of interest with, and adequate representation by, the losing**

17   **party in the first action**".  <u>Jones v. Bates</u>, 127 F.3d 839, 848 (9th Cir. 1997).

18        Here, this requirement of privity is not present.  First, Plaintiff Bova was not a party to

19   the <u>Creese</u> action, he was not involved in any way with the <u>Creese</u> action, and his attorneys

20   were in no way involved with the <u>Creese</u> action.  This is an important consideration, because

21   in both <u>Alvarez</u> and <u>Frosini v. Bridgestone Firestone North Amer. Tire</u>, 2007 U.S. Dist. Lexis

22   73767 (C.D. Cal. 2007), the courts applied collateral estoppel because the counsel representing

23   the plaintiff was the same in both actions, and in <u>Frosini</u>, the plaintiffs participated in the first

24   action.  Here, no such privity between the parties or the counsel in the two actions exists.

25        Second, because of the variations between types of underwriters, the Court in <u>Creese</u>

26

27   _____

28        [8] "Moreover, issue preclusion must be sought against a person who was a party, or in privity
     with a party in the earlier proceeding."  <u>Bufil</u>, <u>supra</u>, 2008 Cal. App. LEXIS 717, *14.

1  expressly determined that there was no "community of interest among" the members of the

2  Creese class. (Creese Order at p.4 [Doc. No. 9-4, at p.26].) Thus, there can be no argument that

3  there is a "community of interest" within the Creese class that would create privity between all

4  members of the Creese class.

5      Third, as discussed above, there are serious issues concerning the adequacy of

6  representation in Creese. [Doc. 9-4, at pp.131-134]. As the Court in Creese noted, counsel for

7  Creese failed to cite evidence to support their position, produced "scant evidence," and even

8  submitted false declarations that were refuted by the defendant.  Due process requires

9  "adequacy of representation" to bind absent non-parties and the record in Creese illustrates

10  serious problems regarding the adequacy of representation.[9]

11      Fourth, the question of whether there was a "community of interest" between the alleged

12  Bova class of non-supervisory underwriters handling residential loans who following written

13  criteria with limited and expressed exception authority was never previously litigated in Creese.

14  Rather, Creese dealt solely with all underwriters employed by WaMu.  In both Alvarez and

15  Frosini, the courts expressly relied on the fact that the question to be litigated and the class

16  alleged were "identical."  Here, the question to be litigated, the class alleged and the relevant

17  time period are all different from what was litigated in Creese.  For this reason, collateral

18  estoppel cannot be applied in this case under Bufil.

19      **E.    Plaintiff Bova Alleges a Claim as a Private Attorney General**

20      At the time the certification was denied, the Creese plaintiffs were asserting no cause of

21  action as private attorney general. (See Minute Order Denying Certification, Def's RJN, Exhibit

22  "G" [Docket No. 9, attachment #3]).  Plaintiff, on other hand, has included as a seventh (7th)

23  cause of action, a claim brought as a private attorney general under the Private Attorney General

24  Act of 2004 ("PAGA"), Cal. Labor Code §2698.   As discussed in Campbell v.

25  PriceWaterhouseCoopers LLP, supra, 2007 U.S. Dist. LEXIS at *6-7, an important distinction

27  [9] As the Defendants in Creese noted, the plaintiffs in Creese worked at the Emerging Markets
28  facility in Montebello which never used "auto-engine process."   [Doc. No. 9-4 at p.74].  Thus, the
    nonexempt underwriter activities admitted by WaMu didn't even apply to the plaintiffs in Creese.

1    exists between the two causes of action.

2           The plaintiff in the prior case of <u>Ruiz v. PricewaterhouseCoopers LLP</u>, Case No. BC

3    287920, brought a representative action as a private attorney general under California's Unfair

4    Competition Law, Cal. Bus. Prof. Code § 17200 ("UCL"), alleging that non-licensed

5    accountants were wrongly classified as exempt and should have been eligible for overtime pay.

6    n1 Id. at 2. The court dismissed Ruiz's claims with prejudice, finding that Ruiz was not a

7    competent representative and that the suit was inappropriate for a representative action.  <u>Id.</u>

8           In <u>Campbell</u>, the subsequently filed suit, the plaintiffs brought an action against the same

9    defendant, PricewaterhouseCoopers LLP, on behalf of themselves and a class of similarly

10   situated non-licensed accountants employed by the defendant. <u>Campbell</u>, <u>supra</u>, 2007 U.S. Dist.

11   LEXIS at *1-4.

12          In addressing whether an identity of issues existed between the prior filed UCL claim,

13   brought as a private attorney general, and the subsequently filed <u>Campbell</u> case, which alleged

14   the same causes of action without a private attorney general claim, the court held:

15                **the issues between Ruiz and the present action may be similar, <u>but they are</u>**
                  **<u>not identical</u>**. Defendant notes that Ruiz, like the plaintiffs here, brought a claim
16                under the UCL, on the same underlying dispute regarding misclassification, and
                  sought the same recovery, but none of this overcomes the fact that Ruiz
17                commenced suit as a private attorney general, whereas the plaintiffs here have
                  brought a class action.  **With the former, a plaintiff purports to act as a**
18                **representative of the general public, whereas with the latter, a plaintiff seeks**
                  **relief on behalf of a defined (and certified) group of individuals. Accordingly,**
19                **in Ruiz, the parties never litigated, and <u>the court never decided, the issue of</u>**
                  **<u>class certification</u>**.
20
     <u>Campbell</u>, <u>supra</u>, 2007 U.S. Dist. LEXIS at *7-8.
21
22          Similarly, here, the parties in <u>Creese</u> did not litigate whether the plaintiffs were

23   competent representatives to assert claims as private attorney generals.  Because this right was

24   not asserted and does not require certification, Plaintiff Bova should not be estopped from

25   maintaining his PAGA claim as alleged in the FAC.

26          **F.     The <u>Creese</u> Plaintiffs Impermissibly Alleged a "Fail-Safe" Class**

27          According to Defendant's Motion, the <u>Creese</u> plaintiffs were denied certification of "all

28   current and former Loan Underwriters employed by Defendants a their business locations within

---

1  the state of California, **who failed to receive** premium overtime wages, and meal and rest

2  periods, from four years prior to the filing of the complaint to final judgment."[10]

3       As shown by the bolded text, the Creese class definition constitutes an impermissible

4  "fail-safe" class, whose members would be "bound only by a judgment favorable to plaintiffs

5  but not by an adverse judgment." *See* Heffelfinger v. Elec. Data Sys. Corp., 2008 U.S. Dist.

6  LEXIS 5296, *42 (C.D. Cal. Jan. 7, 2008), quoting Adashunas v. Negley, 626 F.2d 600, 604

7  (7th Cir. 1980); also citing Dafforn v. Rousseau Associates, Inc., 1976-2 Trade Cas. (CCH), P

8  61219, 1976 WL 1358, *1 (N.D. Ind. 1976); Genenbacher v. CenturyTel Fiber Co. II, 244

9  F.R.D. 485, 488 (C.D. Ill. 2007); Dodd-Owens v. Kyphon, Inc., No. C 06-3988 JF (HRL), 2007

10 U.S. Dist. LEXIS 11728, 2007 WL 420191, *3 (N.D. Cal. 2007).

11      If the Creese plaintiffs class were certified as defined, and if the court were to determine

12 that all underwriters employed by WaMu were properly classified as exempt, no putative

13 plaintiff would be bound by the judgment because the court would have found that each had not

14 "failed to receive" overtime as a matter of law and thus was not a class member.  The theoretical

15 implication is that any or all of the WaMu underwriters could sue in another court on the same

16 claim and escape the bar of res judicata.

17      Plaintiff Bova, on the other hand, does not allege a "fail-safe" class.  Plaintiff's class

18 definition does not include any commentary on whether the non-supervisory underwriters in

19 WaMu's residential division were or were not entitled to payment of overtime.  The class

20 definition in the FAC, therefore, avoids the circular reasoning that flows from including a legal

21 conclusion within a definition that are essential to a finding of liability.

22      As a result, the Court is relieved from the burden of delving into the merits of Plaintiff's

23 claim at the class certification stage.  The Court may, instead, appropriately defer such ruling

24 until and after a class is actually certified.

25

26

27
_____

28     [10]  This argument was expressly made by WaMu in Creese as the one-way intervention rule.
     [Doc. No. 9-4, at pp.94-95].

## V.    DEFENDANTS' REQUEST TO WEIGH FACTS AND JUDGE THE FACTS REGARDING DEFENDANTS' WRONGFUL CONDUCT AT THE PLEADING STAGE IS PREMATURE

Defendant's motion cites no law to support the adjudication of class allegations at the pleading stage.  Defendant also fails to inform this Court of the authority in the Ninth Circuit which hold that such an adjudication of the class allegations at the pleading stage is "premature."  See In re Wal-Mart Stores, Inc., supra, 505 F. Supp. 2d at 615-6 and Chong v. State Farm Mut. Auto. Ins. Co., 428 F. Supp. 2d 1136, 1146-7 (S.D. Cal. 2006).

In the Ninth Circuit, granting such challenges to the "class allegations before discovery has commenced is rare."  In re Wal-Mart Stores, Inc., supra, 505 F. Supp. 2d at 615-6.  As the Court in Wal-Mart noted last year, while there is little authority to support such an attack at the pleading stage within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that "dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'"  Id., citing Myers v. MedQuist, Inc., No. 05-4608, 2006 U.S. Dist. LEXIS 91904, 2006 WL 3751210, *4 (D. N.J. 2006) (internal citations omitted) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery), Motisola Malikha Abdallah v. Coca-Cola Co., No. Civ.A. 1:98CV3679-RW, 1999 U.S. Dist. LEXIS 10612, 1999 WL 527835 (N.D. Ga. 1999) (dismissal of class allegations prior to discovery premature), and 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005) (the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery).

In Wal-Mart, the Court rejected the Defendants' attack on the sufficiency of the class allegations at the pleading stage, noting that "Wal-Mart has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed."  Id.  As a result, the Court concluded that "[i]n the absence of any discovery or specific arguments related to class certification, the Court is not prepared to rule on the propriety of the class allegations and

1    explicitly reserves such a ruling." Id.[11]

2         The result should be no different in this case.    Plaintiff should be permitted the

3    opportunity to establish how Defendant's wrongful conduct was common to this unique class

4    through discovery, at which time Defendant will have their opportunity to oppose Plaintiff's

5    showing on the merits.

6

## VI.    CONCLUSION

7         For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's

8    Motion to Dismiss and allow the Parties to commence with discovery as soon as practicable so

9

10   the parties can address the "shape and form" of the class of similarly situated employees that can

11   be certified.

12

13   Dated:        May 23, 2008              BLUMENTHAL & NORDREHAUG

14                                          By: _____s/Norman B. Blumenthal_____
                                               Norman B. Blumenthal
15                                             Attorneys for Plaintiff Vincent Bova

16   K:\D\NBB\Bova v. Wamu\p-opp-mot to dismiss.wpd

17

18

19

20

21

22

23

24   _____

25      [11] This holding in Wal-Mart has since been followed by another Court.  In Baas v. Dollar Tree
     Stores, Inc., 2007 U.S. Dist. LEXIS 65979 (N.D. Cal. 2007), the Court noted that courts generally
26   "review class allegations through a motion for class certification."  Therefore, the Court in Baas
     similarly ruled that "Defendant's arguments regarding the propriety of the class allegations are
27   premature.  Accordingly, the Court denies Defendant's motion to strike or dismiss the class
     allegations at this procedural stage."
28