JONATHAN HAYDEN (Bar No. 104520)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
jonathan.hayden@hellerehrman.com

CHAD R. FULLER (Bar No. 190830)
BRITTANY L. S. LITTLE (Bar. No. 239681)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122
Telephone: (858) 450-8400
Facsimile: (858) 450-8499
chad.fuller@hellerehrman.com
brittany.little@hellerehrman.com

Attorneys for Defendant
WASHINGTON MUTUAL BANK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BOVA, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK and Does 1 to 10,<br><br>Defendants. | Case No.: 07 CV 2410 WQH JMA<br><br>**DEFENDANT'S NOTICE OF THE CALIFORNIA SUPREME COURT'S DENIAL OF REVIEW IN THE *CRESSE* MATTER AND REPLY TO PLAINTIFF'S NOTICE OF NEW AUTHORITY BY THE UNITED STATES SUPREME COURT IN OPPOSITION TO WASHINGTON MUTUAL'S MOTION TO DISMISS**<br><br>Date:  June 9, 2008<br>Time:  11:00 a.m.<br>Judge:  William Q. Hayes |

Heller Ehrman LLP

DEFENDANT'S NOTICE OF THE CALIFORNIA SUPREME COURT'S DENIAL         CASE NO. 07CV2410 WQH (JMA)
OF REVIEW IN THE *CRESSE* MATTER AND REPLY TO PLAINTIFF'S NOTICE OF NEW
AUTHORITY IN OPPOSITION TO WASHINGTON MUTUAL'S MOTION TO DISMISS

As requested, Washington Mutual Bank ("WaMu") submits the Notice filed by the Supreme Court of California on June 11, 2008, denying Kimblyn Creese's petition for review in *Creese v. Washington Mut. Bank*, No. B193931, 2008 WL 650766 (March 12, 2008) (not reported).[1] The decision in *Creese* is now final.

In addition, Defendant WaMu has reviewed Plaintiff's Notice of New Authority and the accompanying case, *Taylor v. Sturgell*, Case No. 07-371, 553 U.S. _____, 2008 U.S. Lexis 4885 (June 12, 2008). While WaMu is prepared to fully brief the implication of the *Taylor* decision if requested by the Court, the simple fact is that *Taylor* is not relevant to the present action for two main reasons. First, *Taylor* focuses on the fact that "the preclusive effect of a federal-court judgment is determined by federal common law." *Id*. at 9. Here, the Court is deciding the preclusive effect of a *California state judgment*, not a *federal-court judgment* and as such, federal common law does not apply. As stated in WaMu's Motion to Dismiss, California substantive law applies to the analysis of collateral estoppel.[2] Pursuant to 28 U.S.C. § 1738, the Court has a duty to apply the *res judicata* rules of California to judgments issued by a California court.[3]

Second, *Taylor* does not arise in the context of a class action and is, therefore, outside of the analytical framework that should be used when considering this case.

Dated: June 19, 2008                                HELLER EHRMAN LLP


/s/ /Chad R. Fuller
Jonathan Hayden
Chad R. Fuller
Brittany Little
Attorneys for Defendant
WASHINGTON MUTUAL BANK

---

[1] A copy of the notice is attached hereto as Exhibit A.

[2] *See* WaMu's Motion to Dismiss at page 1, lines 5-6.

[3] *See* WaMu's Motion to Dismiss page 9 lines 12-13.

2
DEFENDANT'S NOTICE OF THE CALIFORNIA SUPREME COURT'S DENIAL                CASE NO. 07CV2410 WQH (JMA)
OF REVIEW IN THE *CRESSE* MATTER AND REPLY TO PLAINTIFF'S NOTICE OF NEW
AUTHORITY IN OPPOSITION TO WASHINGTON MUTUAL'S MOTION TO DISMISS

Heller Ehrman LLP