UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BOVA, an individual; on behalf of himself, and on behalf of all persons similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., solely and exclusively as successor to WASHINGTON MUTUAL BANK and Does 1 to 10,<br><br>                Defendants. | Civil No. 07cv2410 AJB (JMA)<br><br>FINAL ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF SETTLEMENT CLASSES, FINAL APPROVAL OF A CLASS ACTION SETTLEMENT, AND AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS |

The Court has heard a motion by Plaintiff VINCENT BOVA ("Plaintiff" or "Class Representative") for Certification of Settlement Classes and Final Approval of a Class Action Settlement ("Motion for Final Approval"). Defendant JPMORGAN CHASE BANK, N.A., as acquirer of certain assets and liabilities of WASHINGTON MUTUAL BANK ("WMB") from the Federal Deposit Insurance Corporation ("FDIC"), acting as receiver (hereinafter, "Defendant") filed a Notice of Non-Opposition to the motion.

**Legal Standard:**

Under Rule 23(e), the Court may approve a class settlement only upon finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a proposed settlement meets these standards, the Court must evaluate a number of factors, including:

(1) the strength of the plaintiffs' case;

(2) the risk, expense, complexity, and likely duration of further litigation;

(3) the risk of maintaining class action status throughout the trial;

(4) the amount offered in settlement;

(5) the extent of discovery completed and the stage of the proceedings;

(6) the experience and views of counsel;

(7) the presence of a governmental participant; and

(8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted); see also *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). These factors are not exclusive, and in some circumstances, one factor may deserve more weight than others or alone may even prove to be determinative. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004). In addition, the settlement may not be the product of collusion among the negotiating parties. *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the supporting memoranda, the oral argument presented at the [Insert Date] fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**I.   Approval of the Settlement Classes:**

1. The Court hereby certifies the settlement classes as set forth in the Court's April 29, 2011 Order granting preliminary approval of a proposed class and collective action settlement. (*See* Docket Entry 95.)

///

///

**II.     Approval of the Settlement Agreement:**

2. The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement, attached as Exhibit 2 to the September 16, 2011 Motion for Certification of Settlement Classes and Final Approval of a Class Action Settlement, under Rule 23 and the FLSA. The Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement. The settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e).

3. The $463,000 settlement amount is substantial. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.

4. The Court gives weight to the parties' judgment that the settlement is fair and reasonable, as well as to the Class Members' favorable reaction to the settlement.

5. Pursuant to this Court's Preliminary Approval Order, the Notice was sent by first-class mail to each identified class member at his or her last known address (with a re-mailing of returned Notices). This Court finds that the Notice fairly and adequately advised the members of Class of the terms of the settlement, as well as the right of members of the Class to be excluded from the Class, to object to the settlement, and to appear at the fairness hearing conducted on [Insert Date]. Class Members were provided the best notice practicable under the circumstances.

6. The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

7. Excluded from the settlement are those persons who have submitted valid and timely requests for exclusion. There are no persons who opted out from the Settlement and therefore none are excluded. Every person in the Settlement Class who did not opt out is a Settlement Class Member.

### III.  Dismissal of the Action with Prejudice:

8. The Court hereby dismisses with prejudice the action of *Vincent Bova, et al. v. Washington Mutual Bank*, CASD Case No. 07-cv-2410 AJB-JMA.

### IV.  Award of Attorneys' Fees and Costs to Class Counsel and Service Award for Class Representative:

9. On April 29, 2011, the Court appointed the law firm of Blumenthal, Nordrehaug, and Bhowmik as Class Counsel because they met all of the requirements of Fed. R. Civ. P. 23(g).

10. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the Class Members' claims.

11. Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law.

12. The work that Class Counsel have performed both in litigating and settling this case demonstrates their commitment to the Class Members and to representing the Class' interests.

13. Class Counsel have committed substantial resources to prosecuting this case.

14. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $138,900 in attorneys' fees or 30% of the Settlement Amount.

15. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the other wage and hour litigation settlements in the 9th Circuit. The attorneys' fees requested were entirely contingent upon success. Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation.

16. Class Counsel are also awarded reimbursement of litigation costs and expenses in the amount of $59,584.16.

17. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Amount.

18. The Court finds reasonable a Service Award in the amount of $20,000, payable to the Class Representative Vincent Bova.

Due and adequate notice having been given to the Class, there being no objections to the Settlement by any Class Member, and the Court having considered all papers filed and proceedings conducted in this action and otherwise being fully informed and good cause appearing therefor, this action is hereby DISMISSED WITH PREJUDICE as to Plaintiff and all Settlement Class Members and FINAL JUDGMENT is entered herein.

IT IS SO ORDERED.

DATED: October 14, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge